STATE of Texas and Don Byrd,
Appellants,

v.

John PATTERSON, Appellee.

No. 05–84–00094–CR.

Court of Appeals of Texas,
Dallas.

March 14, 1984.
Rehearing Denied March 14, 1984.

Henry Wade, Dist. Atty., Greg Long, Asst. Dist. Atty., for appellants.

John Byers, Dallas, for appellee.

Before GUITTARD, C.J., and STEWART and SHUMPERT, JJ.

PER CURIAM.

The State of Texas sought appellate review of an order granting a writ of habeas corpus. We dismissed the appeal on the ground that the State has no right to review, and the State has moved for reconsideration. We adhere to our ruling.

The record before us shows that appellee, John Patterson, pleaded guilty before a justice of the peace to ten counts of issuing bad checks. Three days later he pleaded guilty before another justice of the peace to fourteen similar counts. Punishment was assessed at a $200.00 fine for each bad check and $87.00 costs for each proceeding. Subsequently, appellee filed a petition for writ of habeas corpus in a county court alleging that he was illegally restrained by confinement in jail for failure to pay these fines and costs. The court found appellee to be indigent and held that his imprisonment because of inability to pay fines and costs was unconstitutional. The requested relief was granted, and the State filed notice of appeal.

The State concedes that the cases before the justices of the peace were criminal actions. It acknowledges that TEX.CODE CRIM.PROC.ANN. art. 44.01 (Vernon 1981), prohibits the State from appealing criminal actions. We also note that TEX. CONST. art. V § 26 provides that the State shall have no right of appeal in criminal cases. The State asserts, however, that the habeas corpus proceeding was a civil case because it was initiated by appellee and did not result in a judgment.

Regardless of whether the proceeding is civil or criminal, we conclude that the case is governed by the long-established rule that the respondent in an application for the writ of habeas corpus cannot appeal. *McFarland v. Johnson,* 27 Tex. 105 (1863), *Dirks v. State,* 33 Tex. 227 (1870). Only an unsuccessful applicant in such a case has the right of appeal. The respondent, whether a representative of the State or another, cannot prosecute an appeal from an adverse decision discharging the applicant. The rule applies to civil as well as criminal cases. *Arendt v. Carter,* 146 Tex. 590, 210 S.W.2d 976 (1948); *State v. Gonzales,* 459 S.W.2d 947 (Tex.Civ. App.—San Antonio 1970, no writ).

Motion for reconsideration overruled.