The STATE of Texas, Appellant,

v.

Carol Ann KANAPA, Appellee.

No. 01-89-00639-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 28, 1989.

John B. Holmes, Jr., Dist. Atty., Jose Gonzalez–Falla, Asst. Dist. Atty., Houston, for appellant.

Jonathan Munier, Houston, for appellee.

Before SAM BASS, DUGGAN and HUGHES, JJ.

PER CURIAM.

Appellee, Carol Ann Kanapa, moves this Court to dismiss this appeal for want of

jurisdiction, asserting that the State has no right of appeal in a habeas corpus proceeding.

The State is entitled to appeal in criminal cases, as authorized by law. Tex.Const. art. 5, § 26 (Vernon 1987 & Supp.1989). Article 44.01, Tex.Code Crim.P. sets out the types of appeals permitted by the State as follows:

(a) The state is entitled to appeal an order of a court in a criminal case if the order:

(1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint;

(2) arrests or modifies a judgment;

(3) grants a new trial;

(4) sustains a claim of former jeopardy; or

(5) grants a motion to suppress evidence, a confession, or an admission; if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.

(b) The State is entitled to appeal a sentence in a case on the ground that the sentence is illegal.

Tex.Code Crim.P. art. 44.01(a) and (b) (Vernon 1987).

Appellee was convicted of misdemeanor theft on June 1, 1979, and was sentenced to 30 days in jail and a fine of $250. The sentence was probated for six months, after which time appellee was discharged from probation.

On May 24, 1989, appellee filed an application for writ of habeas corpus, claiming that her previous conviction was void because she did not enter a knowing and voluntary plea. Following an oral hearing, the trial court granted the requested relief, and declared appellee's prior conviction void. The State filed the instant appeal.

■ As authority for her motion to dismiss, appellee relies on *State v. Patterson*, 668 S.W.2d 462 (Tex.App.—Dallas 1984, no pet.). In that case, Patterson applied for habeas corpus relief because he was unable

to the fines and court costs assessed as part of his punishment. The court found he was indigent and granted him relief. The State sought appellate review of that order. While cognizant of the fact that it did not have the right of appeal in criminal cases, the State asserted that the habeas corpus proceeding was a civil case because it was initiated by the appellee and did not result in a judgment. *Patterson*, 668 S.W.2d at 463. Disregarding any distinction between a civil or criminal habeas corpus proceeding, the court concluded that

[this] case is governed by the long-established rule that the respondent in an application for writ of habeas corpus cannot appeal. *McFarland v. Johnson*, 27 Tex. 105 (1863); *Dirks v. State*, 33 Tex. 227 (1870). Only an unsuccessful applicant in such a case has the right of appeal. The respondent, whether a representative of the State or another, cannot prosecute an appeal from an adverse decision discharging the applicant. The rule applies to civil as well as criminal cases.

*Id.*

We note that the decision in *Patterson* pre-dates the constitutional amendment authorizing the State's right to appeal in criminal cases. While we recognize the general proposition that the respondent in a habeas corpus proceeding cannot appeal from an adverse ruling, we hold that rule no longer applicable in criminal cases when the State would otherwise have the right to appeal.

To hold otherwise would allow defendants to side-step the normal appellate process. By merely styling his request for relief as a petition for writ of habeas corpus, a successful petitioner could preclude the State from exercising its constitutional right of appeal. We are unwilling to allow the State's right of appeal to be circumvented by such procedural maneuvering.

■ We find that by granting appellee's requested relief, the trial court modified the previous judgment entered against appellee. Therefore, the State is entitled to appeal the trial court's order. Tex.Code

Crim.P. art. 44.01(a) and (b) (Vernon 1987). Appellee's motion to dismiss is DENIED.

It is so ORDERED.