**The STATE of Texas, Appellant,**

v.

**Michael Scott MORSE, Appellee.**

No. 08–95–00016–CR.

Court of Appeals of Texas,
El Paso.

June 29, 1995.

Keith Stretcher, City Atty., City of Midland, for appellant.

Thomas S. Morgan, Midland, for appellee.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

### OPINION

McCLURE, Justice.

Pursuant to Article 44.01 of the Texas Code of Criminal Procedure, the State of Texas [1] appeals from an appellate decision of the County Court of Midland County reversing the judgment of the City of Midland Municipal Court and directing the entry of a judgment of acquittal. TEX.CODE CRIM.PROC. ANN. art. 44.01 (Vernon Supp.1995). We reverse.

On September 18, 1990, a jury in the City of Midland Municipal Court found Appellee, Michael Scott Morse, guilty of failure to identify, a class C misdemeanor, and assessed his punishment at a $100 fine. *See* Acts 1987, 70th Leg., R.S., ch. 869, § 1, 1987 TEX.GEN. LAWS 2944 (former TEX.PENAL CODE ANN. § 38.02). Morse appealed that conviction to the Midland County Court pursuant to TEX. GOV'T CODE ANN. § 30.237 (Vernon 1988). Since the Midland Municipal Court is a court of record, the appeal was not by trial de novo. TEX.GOV'T CODE ANN. § 30.237(b). On December 29, 1994, the County Court issued a written opinion reversing Morse's conviction and ordering that the trial court enter a judgment of acquittal. It is from that decision that the State appeals. Among other

---

1. The State is represented in this appeal by the Midland City Attorney. The record reflects that the Midland County Attorney, pursuant to Article 45.03 of the Code of Criminal Procedure, consented to the City Attorney representing the State in this cause. TEX.CODE CRIM.PROC.ANN. art. 45.03 (Vernon Supp.1995) (with the consent of the county attorney, appeals from municipal court to a county court, county court at law, or any appellate court may be prosecuted by the city attorney or his deputy).

things, the State challenges the county court's exercise of jurisdiction over the case.

■ We have addressed the question of whether we have jurisdiction over this appeal *sua sponte*. Jurisdiction is fundamental, and its absence cannot be ignored by an appellate court. *Solis v. State*, 890 S.W.2d 518, 520 (Tex.App.—Dallas 1994, no pet. h.); *Wolfe v. State*, 878 S.W.2d 645, 646 (Tex.App.—Dallas 1994, no pet.). Consequently, we must take notice of that circumstance, even if on our own motion. *Solis*, 890 S.W.2d at 520; *Wolfe*, 878 S.W.2d at 646.

This Court's appellate jurisdiction is coextensive with the limits of our district and extends to all cases of which the district courts and county courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. TEX.CONST. art. V, § 6. One such restriction is found in Article 4.03 of the Code of Criminal Procedure, which provides:

> The Courts of Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed. *This Article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court, the county criminal court, or county court at law, in which the fine imposed by the county court, the county criminal court or county court at law does not exceed one hundred dollars, unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based.*

TEX.CODE CRIM.PROC.ANN. art. 4.03 (Vernon Supp.1995). [Emphasis added.]

■ Under Article 4.03, appeal by a defendant to this Court from trial de novo is available only when the sole issue is the constitutionality of the statute or ordinance on which the conviction is based, or when the fine assessed by the county court exceeds $100. *See Ex parte Brand*, 822 S.W.2d 636, 639 n. 3 (Tex.Crim.App.1992). In the case of an appeal from the Midland Municipal Court

of Record, the defendant has the right to appeal to this Court only if the fine assessed against the defendant exceeds $100 and the judgment is affirmed by the appellate court.[2] TEX.GOV'T CODE ANN. § 30.246 (Vernon 1988); *see also Ex parte Brand*, 822 S.W.2d at 636, 639 n. 3. However, in the context of a State's appeal, Article 4.03 has been interpreted to not apply if no fine is assessed by the appellate court. *See State v. McKinney*, 803 S.W.2d 374 (Tex.App.—Houston [14th Dist.] 1990, no pet.) (Court held that Article 4.03 did not prohibit the State's appeal from a county court's dismissal of complaints since court assessed no fine as a result of the dismissal). Further, a court of appeals may address the propriety of the county court's exercise of jurisdiction, or refusal to do so, under its general jurisdiction. Such a review is not restricted by Article 4.03. *See Martin v. State*, 171 Tex.Crim. 245, 346 S.W.2d 840 (1961) (in construing effect of predecessor to Article 4.03, Court of Criminal Appeals held that it had general jurisdiction to consider the question of whether county court correctly dismissed the appeal even though fine assessed by corporation court did not exceed $100). In the instant case, there is no fine because the appellate court reformed the judgment to reflect an acquittal. Further, the State challenges the county court's exercise of jurisdiction in this case. Therefore, Article 4.03 does not prohibit our review of this appeal.

The State is entitled to appeal in criminal cases, as authorized by general law. TEX. CONST. art. V, § 26; *State v. Evans*, 843 S.W.2d 576, 577 (Tex.Crim.App.1992). Thus, the State's right to appeal is statutorily created and limited. *See State v. Sellers*, 790 S.W.2d 316 (Tex.Crim.App.1990). Article 44.01 of the Code of Criminal Procedure authorizes the State's ability to appeal certain limited matters in criminal cases. TEX. CODE CRIM.PROC.ANN. art. 44.01 (Vernon Supp.1995). It does not expressly provide for a State's appeal from a municipal appeal. While Section 30.237 of the Government Code permits a defendant to appeal his conviction to the county court, it makes no provi-

---

**2.** In this context, "appellate court" refers to the county court in its capacity as a court of appel-

late review of municipal proceedings.

sion for the State's appeal to that court.[3] Likewise, Section 30.246, which permits a defendant to appeal the subsequent affirmance of his conviction to the court of appeals, provided the fine exceeds $100, does not provide that the State may also appeal from an adverse decision by the appellate court. However, the failure of these statutes to expressly provide for a State's appeal to this Court is not dispositive of the question before us.

In *State v. Sellers,* the Court of Criminal Appeals reviewed a decision of the Fourteenth Court of Appeals dismissing a State's appeal from a take-nothing judgment in a bond forfeiture proceeding. Noting that Article 44.01 does not expressly authorize a State's appeal from a bond forfeiture proceeding and that Article 44.42 had not been amended to provide for a State's appeal, the Court of Appeals concluded that the State did not have the right to appeal from a bond forfeiture proceeding.[4] The Court of Criminal Appeals disagreed with this reasoning. Focusing on the absence of an express prohibition against a State's appeal in Article 44.42, the Court held that Article 44.42 should not be read to necessarily preclude a State's appeal in bond forfeiture cases after the 1987 amendment to Article V, § 26. *Sellers,* 790 S.W.2d at 318–19. The Court reasoned that the Legislature could, without conflict, authorize a State's appeal in some provision other than Article 44.42. *Sellers,* 790 S.W.2d at 318–19. The Court subsequently determined that Article 44.01(a)(2) did not authorize the appeal. *Id.* at 319–20. Following *State v. Sellers,* we conclude that since Section 30.237 and Section 30.246 have

not been amended to expressly prohibit a State's appeal, such an appeal may be provided for in some provision other than these statutes, namely, Article 44.01.

Article 44.01 provides, in pertinent part, that the State is entitled to appeal an order of a court in a criminal case if the order arrests or modifies a judgment. Tex. Code Crim.Proc.Ann. art. 44.01(a)(2) (Vernon Supp.1995). In this case, the county court rendered this decision while exercising its criminal appellate jurisdiction.[5] Therefore, we must determine whether the term "court" as used in the first sentence of Article 44.01 encompasses orders made by a county court while exercising its criminal appellate jurisdiction over municipal appeals. The provisions of the Code of Criminal Procedure are to be liberally construed, so as to attain the objects intended by the Legislature, namely, the prevention, suppression, and punishment of crime. Tex.Code Crim.Proc.Ann. art. 1.26 (Vernon 1977). When interpreting a statute, an appellate court should necessarily focus on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment. *State v. Muller,* 829 S.W.2d 805, 808 (Tex.Crim.App.1992). When the literal text of a statute is clear, an appellate court must give effect to the statute's plain language and purposely eschew reliance on its legislative history. *Muller,* 829 S.W.2d at 808. It is only when the literal text of the statute is either unclear or would lead to results so absurd that the Legislature could not *possibly* have intended them, that the courts should then resort to legislative history or

---

3. The statutes governing appeals from municipal courts of record in several municipalities have been recently amended to provide that the State may appeal from municipal court to the county court pursuant to Article 44.01. Tex.Gov't Code Ann. § 30.123 (Vernon Supp.1995) (Wichita Falls); Tex.Gov't Code Ann. § 30.153 (Fort Worth—formerly denied State's right to appeal). Other municipalities expressly prohibit a State's appeal. Tex.Gov't Code Ann. § 30.429 (Arlington); Tex.Gov't Code Ann. § 30.461 (Vernon 1988) (Garland).

4. Like Sections 30.237 and 30.246 in the instant case, Article 44.42 of the Code of Criminal Procedure permits only defendants to appeal from a

final judgment in a bond forfeiture proceeding. Tex.Code Crim.Proc.Ann. art. 44.42 (Vernon 1979).

5. A county court has appellate jurisdiction in criminal cases of which justice courts and other inferior courts have original jurisdiction. Tex. Gov't Code Ann. § 26.046 (Vernon 1988); Tex. Code Crim.Proc.Ann. art. 4.08 (Vernon 1977). Appeals from a municipal court to the county court are by trial de novo, unless the municipal court is a court of record. Tex.Code Crim.Proc.Ann. art. 45.10 (Vernon Supp.1995). In the latter case, the appeal is based upon errors reflected in the record. In either case, the county court is exercising its appellate jurisdiction when it hears the case.

other extraneous means to assist them in their interpretation of a statute. *Id.* at 808.

The literal text of Article 44.01 provides that the State may appeal orders entered by a *court* which accomplish certain results or have a certain legal effect. The general term "court" is used throughout the Code of Criminal Procedure to refer to a court exercising either original criminal jurisdiction or appellate criminal jurisdiction. *See e.g.,* TEX.CODE CRIM.PROC.ANN. arts. 4.01–4.17 (Vernon 1977 and Vernon Supp.1995); TEX.CODE CRIM. PROC.ANN. arts. 44.13, 44.15, and 44.17 (Vernon 1979 and Vernon Supp.1995). If the Legislature had intended to restrict the applicability of Article 44.01 to courts exercising only original criminal jurisdiction, we would expect it to so indicate in the text of Article 44.01. By using the general term "court," the Legislature did not evidence an intent to limit the State's right to appeal to orders entered by courts exercising only their original criminal jurisdiction.

Further, the types of orders described in Article 44.01(a) do not limit the State's appeal to orders entered by a court exercising original criminal jurisdiction. While the actions listed in Article 44.01(a) are typically construed as being taken by a trial court, a county court exercising its criminal appellate jurisdiction may also enter the same orders. As an obvious example, a county court may dismiss a complaint in a municipal appeal de novo. The State has been permitted to appeal such an order in two cases. *State v. Campbell,* 820 S.W.2d 44 (Tex.App.—Austin 1991, pet. ref'd); *State v. McKinney,* 803 S.W.2d 374 (Tex.App.—Houston [14th Dist.] 1990, no pet.). Therefore, the literal text of Article 44.01 permits the State to appeal orders of county courts entered in municipal appeals de novo. It would make little sense to construe Article 44.01 as permitting the State to appeal from a county court's dismissal of a complaint in a de novo situation, but not allow an appeal from a county court's decision holding that the trial court should have quashed the complaint and ordering that the complaint be dismissed. Both decisions accomplish the same result. In the absence of any express language limiting the State's right to appeal to orders entered by

courts in exercise of their original criminal jurisdiction, we conclude that Article 44.01 applies to orders entered by county courts in the context of municipal appeals so long as the order accomplishes a result listed in Subsection (a)(1)–(a)(5).

■ In determining whether the State is entitled to appeal a particular order under Article 44.01(a), we must consider the order's effect. *See State v. Evans,* 843 S.W.2d 576, 577–78 (Tex.Crim.App.1992) [order permitting defendant to withdraw his plea of nolo contendere after sentencing was functionally indistinguishable from an order granting a new trial; therefore, State had the right to appeal under Article 44.01(a)(2) ]. Here, the county court reversed the conviction and ordered that a judgment of acquittal be entered. It is well settled that if, considering all the evidence (including the improperly admitted evidence) before the trial court, the appellate court determines that the evidence is insufficient to support a conviction, the proper procedure is to reverse and order the judgment reformed to reflect an acquittal. *Green v. State,* 893 S.W.2d 536, 538 (Tex. Crim.App.1995), *citing Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1, 14 (1978), and *Messer v. State,* 729 S.W.2d 694, 697 (Tex.Crim.App.1987). Thus, the county court's order reformed the trial court's judgment. We hold that by ordering the reformation of the judgment to reflect an acquittal, the county court modified the trial court's judgment within the meaning of Article 44.01(a)(2). *See also State v. Kanapa,* 778 S.W.2d 592 (Tex.App.—Houston [1st Dist.] 1989, no pet.) (State could appeal court's order granting habeas corpus relief and voiding defendant's conviction, because order modified the prior judgment). Consequently, this Court has jurisdiction to consider the merits of the State's appeal.

In Point of Error No. One, the State contends that the county court lacked jurisdiction because Morse failed to timely file notice of appeal and an appeal bond. Morse admits that he did not file a separate written notice of appeal, but argues that his appeal bond satisfies the requirement of a written notice of appeal. The State argues that even if the appeal bond may be considered as notice of

appeal, it still is not timely. We agree with the State.

To perfect an appeal from the Midland Municipal Court, the defendant must file a written motion for new trial not later than the tenth day after the date on which judgment is rendered. TEX.GOV'T CODE ANN. § 30.237(c). He must also give notice of the appeal. TEX.GOV'T CODE ANN. § 30.237(d). If the notice is not given orally, then the defendant must give a written notice of appeal and must file the notice with the municipal court not later than the tenth day after the date on which the motion for new trial is overruled. TEX.GOV'T CODE ANN. § 30.237(d). If the defendant is not in custody, he may not take an appeal until he files an appeal bond with the municipal court of record not later than the tenth day after the date on which the motion for new trial is overruled. TEX.GOV'T CODE ANN. § 30.238(a).

 Morse timely filed his motion for new trial on September 28, 1990. In response, the State filed a motion to deny Morse's motion for new trial. On October 8, 1990, the municipal judge signed an order granting the State's motion to deny Morse's motion for new trial. The following day, the judge also signed a written order denying Morse's motion for new trial. Thereafter, Morse posted an appeal bond on October 19, 1990, but did not give a separate written notice of appeal. By granting the State's motion to deny Morse's motion for new trial, the court effectively denied or overruled Morse's motion. The trial court's October 9 order denying Morse's motion for new trial was unnecessary. Therefore, the appellate timetable began to run on October 8. By filing his appeal bond on the eleventh day after the trial court overruled the motion for new trial, Morse failed to perfect his appeal. *See Lopez v. State,* 649 S.W.2d 165, 166 (Tex.App.— El Paso 1983, no pet.). Consequently, the county court lacked jurisdiction and should have dismissed the appeal. Point of Error No. One is sustained. Given our resolution of this point of error, it is unnecessary to address the State's remaining points of error.

Having sustained Point of Error No. One, the judgment of the Midland County Court reversing the judgment of conviction and directing the entry of a judgment of acquittal is reversed, and the trial court's judgment of conviction is affirmed.