The State of Texas v. Racheal Fowler
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-273-CR

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â RACHEAL FOWLER,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 1st District Court
Newton County, Texas
Trial Court # 5269-1
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Racheal Fowler filed an application for writ of habeas corpus in the district court contending
that her arrest warrant was not supported by probable cause. The court issued the writ and set the
matter for hearing. After hearing, the court held that the warrant was not supported by probable
cause and ordered Fowler discharged and released from her surety bond. The State appealed.
Â Â Â Â Â Â Generally, the State cannot appeal an adverse ruling in a habeas proceeding. State ex rel.
Holmes v. Klevenhagen, 819 S.W.2d 539, 541 (Tex. Crim. App. 1991) (orig. proceeding). The
State may appeal an adverse habeas ruling if a statute provides for such an appeal. E.g., State v.
Young, 810 S.W.2d 221, 223 (Tex. Crim. App. 1991) (habeas orders effectively setting aside
indictments); State v. Kanapa, 778 S.W.2d 592, 593 (Tex. App.âHouston [1st Dist.] 1989, no
pet.) (habeas order modifying judgment).



Â Â Â Â Â Â The State may bring an interlocutory appeal from an adverse probable cause determination
only when that decision is made in an order granting a motion to suppress evidence. See Tex.
Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp. 2003). No other statute provides a basis
for this appeal.
Â Â Â Â Â Â Accordingly, we dismiss the Stateâs appeal for want of jurisdiction.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â REX D. DAVIS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Â Â Â Â Â Â (Justice Gray concurring)
Appeal dismissed for want of jurisdiction
Opinion delivered and filed January 8, 2003
Publish
[CR25]



o-fareast-language:EN-US;mso-bidi-language:AR-SA'>




Â 

   Very few documents have been filed or received at this point in this
appeal.Â  From what we have, I have been
able to piece together the following time-line:

Â Â Â Â Â Â Â Â Â  DateÂ Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Description 

Â 

Â Â Â Â Â Â Â Â Â  10/29/04Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Docket
entry of hearing

Â Â Â Â Â Â Â Â Â  11/02/04Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Motion
for New Trial

Â Â Â Â Â Â Â Â Â  11/02/04Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Motion
to Reinstate 

Â Â Â Â Â Â Â Â Â  11/08/04Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Notice
of Appeal

Â Â Â Â Â Â Â Â Â  11/09/04Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Judgment
signed

Â Â Â Â Â Â Â Â Â  12/23/04Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Motion
Extension of Time to File Brief

Â Â Â Â Â Â Â Â Â  (12/17/04)Â Â Â Â Â Â Â Â Â Â Â Â Â Â  (mailed
above motion)

Â Â Â Â Â Â Â Â Â  02/07/04Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  AppellantÂs
Brief filed

Â Â Â Â Â Â Â Â Â  02/07/04Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  AppellantÂs
Motion for Leave to Proceed in Forma Pauperis

Â Â Â Â Â Â Â Â Â  02/07/04Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Declaration
of Inability to Pay Cost

Â 

Â Â Â Â Â Â Â Â Â  The
motion for new trial and the notice of appeal both appear to be prematurely
filed as they were filed prior to the signing of the judgment.Â  Tex.
R. App. P. 12.1 and 12.2.Â  But
there can be no question the notice of appeal was timely for the purpose of
invoking our jurisdiction.Â  Tex. R. App. P. 27.1.

Â Â Â Â Â Â Â Â Â  But
the CourtÂs holding overrules the procedure we followed in In the Interest of K.K., L.M., M.M., and T.K., 10-04-00303-CV
(letter order) that allowed a late filed indigence affidavit after the receipt
of a reasonable explanation and reset the timetable to contest that
affidavit.Â  I am very reluctant to
overrule a procedure so recently established.Â 
But I will join the decision, making it a unanimous holding that if the
indigence affidavit is not timely filed, and no extension to consider the late
filed indigence affidavit is timely filed, the case must be dismissed if the
filing fee remains unpaid.

Â Â Â Â Â Â Â Â Â  With
these remarks, I join the CourtÂs opinion and judgment.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Concurring
opinion delivered and filed March 30, 2005

[CV06]