**The STATE of Texas, Appellant,**

v.

**David GUTIERREZ, Appellee.**

**No. 13–02–363–CR.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

July 10, 2003.

Motion for Rehearing En Banc Overruled
Aug. 21, 2003.

---

204 ▮ ▮▮▮▮▮

Carlos Valdez, Nueces County Dist. Atty., Douglas K. Norman, Asst. Dist. Atty., Corpus Christi, for State.

Michael W. Gordon, Corpus Christi, for appellee.

Before Justices RODRIGUEZ, CASTILLO, and WITTIG.[1]

## OPINION

Opinion by Justice CASTILLO.

The State of Texas appeals the trial court's reduction of appellee David Gutierrez's sentence. The State indicted Gutierrez for State Jail Felony Theft of between $1,500 and $20,000. On May 17, 2001, a jury found him guilty. On September 17, 2001, the trial court sentenced him to two years confinement in a state jail facility. Gutierrez timely filed a motion for new trial as well as a motion to reform the judgment. On October 10, 2001, he filed a

1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

notice of appeal. After the appellate record was filed, Gutierrez moved to withdraw his notice of appeal. On May 3, 2002, he filed a motion with the trial court to reconsider his sentence. On June 6, 2002, this Court granted Gutierrez's motion to withdraw his appeal. We issued a mandate. On June 25, 2002, the trial court reconsidered the sentence it had imposed and signed a judgment of conviction that reduced the sentence to three hundred days in jail and a $2,000.00 fine. The State filed notice of appeal that same day. We dismiss for want of jurisdiction.

## I. ISSUE PRESENTED

The State asserts that the trial court had lost plenary jurisdiction when it modified its prior judgment nine months later by reducing the sentence after the judgment was final, after an appeal had been filed and withdrawn, and after this Court had issued its mandate. At oral argument, counsel for the State acknowledged that this appeal challenges the trial court's "jurisdiction to act." The State does not claim that the reduced sentence, in and of itself, is illegal or that the trial court was prohibited by law from reducing the sentence it imposed. Rather, counsel for the State argued that the sentence is illegal because the trial court had no jurisdiction to modify it when it did so. *See* TEX.CODE CRIM. PROC. ANN. art. 44.01(b) (Vernon Supp.2003).[2] In its brief, the State does not rely on section (b) of article 44.01 but

2. Article 44.01 reads in its entirety:

(a) The state is entitled to appeal an order of a court in a criminal case if the order:

(1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint;

(2) arrests or modifies a judgment;

(3) grants a new trial;

(4) sustains a claim of former jeopardy; or

(5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.

(b) The state is entitled to appeal a sentence in a case on the ground that the sentence is illegal.

(c) The state is entitled to appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment.

(d) The prosecuting attorney may not make an appeal under Subsection (a) or (b) of this article later than the 15th day after the date on which the order, ruling, or sentence to be appealed is entered by the court.

(e) The state is entitled to a stay in the proceedings pending the disposition of an appeal under Subsection (a) or (b) of this article.

(f) The court of appeals shall give precedence in its docket to an appeal filed under Subsection (a) or (b) of this article. The state shall pay all costs of appeal under Subsection (a) or (b) of this article, other than the cost of attorney's fees for the defendant.

(g) If the state appeals pursuant to this article and the defendant is on bail, he shall be permitted to remain at large on the existing bail. If the defendant is in custody, he is entitled to reasonable bail, as provided by law, unless the appeal is from an order which would terminate the prosecution, in which event the defendant is entitled to release on personal bond.

(h) The Texas Rules of Appellate Procedure apply to a petition by the state to the Court of Criminal Appeals for review of a decision of a court of appeals in a criminal case.

(i) In this article, "prosecuting attorney" means the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case and does not include an assistant prosecuting attorney.

(j) Nothing in this article is to interfere with the defendant's right to appeal under the procedures of Article 44.02 of this code. The defendant's right to appeal under Article 44.02 may be prosecuted by the defendant where the punishment assessed is in accordance with Subsection (a), Section 3d, Article 42.12 of this code, as well as any other punishment assessed in compliance with Article 44.02 of this code.

TEX.CODE CRIM. PROC. ANN. art. 44.01 (Vernon Supp.2003).

on section (a)(2). Section (a)(2) provides: "The State is entitled to appeal an order of a court in a criminal case if the order arrests or modifies a judgment." TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(2). We address both arguments in support of the State's contention that it may appeal not what the trial court did, but when it did it.

## II. ANALYSIS

■ Based on the common-law rule that the sovereign had no right to appeal an adverse criminal judgment, courts early held that the prosecution could not appeal in a criminal case without express statutory authority. *See State v. Moreno,* 807 S.W.2d 327, 330 (Tex.Crim.App.1991) (citing *U.S. v. Sanges,* 144 U.S. 310, 313–318, 12 S.Ct. 609, 36 L.Ed. 445 (1892)). The Legislature of the State of Texas has provided specifically enumerated exceptions to the general rule that the State has no right to appeal in criminal cases. TEX.CODE CRIM. PROC. ANN. art. 44.01; *State v. Sellers,* 766 S.W.2d 312, 314 (Tex.App.-Houston [14th Dist.] 1989), *aff'd,* 790 S.W.2d 316 (Tex.Crim.App.1990). Because the rights of appeal permitted the State in article 44.01 are exceptions to the common-law prohibition against a sovereign appealing an adverse criminal judgment, we strictly construe limitations on the State's substantive authority to appeal granted by article 44.01. *State v. Riewe,* 13 S.W.3d 408, 411 (Tex.Crim.App.2000); *State v. Brown,* 28 S.W.3d 609, 610 (Tex.App.-Corpus Christi 2000, no pet.). The Texas Legislature has not included, within the exceptions enumerated in article 44.01, appeal by the State of a void order or of a trial court's lack of jurisdiction.

■ Jurisdiction is fundamental and cannot be ignored. *State v. Roberts,* 940 S.W.2d 655, 657 (Tex.Crim.App.1996). Our jurisdiction must be legally invoked. *Ex parte Caldwell,* 383 S.W.2d 587, 589 (Tex.Crim.App.1964). If not legally invoked, our power to act is as absent as if it did not exist. *Id.* When we lack jurisdiction to act, we have no power to dispose of the purported appeal in any manner other than dismissal for lack of jurisdiction. *Olivo v. State,* 918 S.W.2d 519, 523 (Tex.Crim. App.1996). We have no authority to expand the rights of appeal by the State enumerated by the Legislature in article 44.01. Thus, article 44.01 provides no avenue of appeal by the State in this case if neither the "illegal sentence" provision of section (b) nor the "modified judgment" provision of section (a)(2) applies.

### A. The State's Right to Appeal an Illegal Sentence

■ In circumstances in which the sentence is illegal, the Legislature has provided an exception to the general rule that the State has no right of appeal. TEX. CODE CRIM. PROC. ANN. art. 44.01(b); *see State v. Ross,* 953 S.W.2d 748, 749 (Tex. Crim.App.1997). In *Ross,* the State claimed that the sentence was illegal because the trial court did not enter a deadly weapon finding in the judgment as required by statute. *Ross,* 953 S.W.2d at 749. The court of criminal appeals strictly construed section (b) of article 44.01, holding that the term "sentence" did not include anything more "than the portion of the judgment setting out the terms of punishment." *Id.* at 750. The *Ross* court held that section (b) of article 44.01 permits the State to appeal a sentence "not *when* a sentence is illegal, but *on the ground* that it is illegal." *Id.* The court of criminal appeals upheld the court of appeal's dismissal of the State's appeal for lack of jurisdiction. *Id.* at 752; *see State v. Ramirez,* 62 S.W.3d 356, 358 (Tex.App.-Corpus Christi 2001, no pet.) (concluding

that since trial court's order granting probation is not a "sentence," State is not authorized to appeal order granting motion for shock probation).

Relying on *Ross*, the court of criminal appeals also has held that section (b) of article 44.01 does not give the State the right to appeal assessment of punishment by the trial court in violation of a statute requiring consent of the State, after the jury returns a guilty verdict, to a defendant's change of punishment election. *State v. Baize*, 981 S.W.2d 204, 205 (Tex. Crim.App.1998) (per curiam); *see* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 2(b) (Vernon Supp.2003) ("If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment."). The court of criminal appeals, noting that the lower court had correctly dismissed the State's appeal for want of jurisdiction, granted the State's petition for discretionary view and reaffirmed its holding in *Ross*. *Baize*, 981 S.W.2d at 206.

The *Baize* court stressed that in assessing our own jurisdiction over a State's appeal under section 2(b), we "must determine whether the State is appealing the sentence or whether it is appealing something other than the sentence." *Id.* (quoting *Ross*, 953 S.W.2d at 750). We conclude that the State is not appealing the reduced sentence in this case, but rather, like the State's appeal in *Baize* of the trial court's legal authority to assess punishment without the State's consent, "something other than the sentence." *Baize*, 981 S.W.2d at 206. Here, the "something other" is the trial court's jurisdiction. *See id.*

### B. The State's Right to Appeal a Modified Judgment

■ In circumstances in which a court arrests or modifies a judgment, the Legis-lature also has provided an exception to the general rule that the State has no right of appeal. TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(2). In its brief, the State cites two cases in support of its reliance on section (a)(2) of article 44.01, both of which involved modifications of a judgment of conviction. *See State v. Morse*, 903 S.W.2d 100, 101 (Tex.App.-El Paso 1995, no pet.); *State v. Kanapa*, 778 S.W.2d 592, 593 (Tex. App.-Houston [1st Dist.] 1989, no pet.) (per curiam), *disapproved on other grounds, Tatum v. State*, 846 S.W.2d 324, 327 (Tex. Crim.App.1993) (per curiam). In *Morse*, the trial court vacated the defendant's judgment of conviction and signed a judgment of acquittal. *Morse*, 903 S.W.2d at 101. In *Kanapa*, the defendant filed an application for writ of habeas corpus, claiming that her previous conviction was void. *Kanapa*, 778 S.W.2d at 593. The trial court issued the requested writ and voided the prior conviction. *Id.* Therefore, both *Morse* and *Kanapa* addressed the State's right to appeal a trial court's modification of a prior judgment of conviction to a judgment of acquittal.

Neither *Morse* nor *Kanapa* controls our analysis of this case. As previously discussed, the court of criminal appeals has instructed us to determine whether the State is appealing the sentence or "something other than the sentence" in analyzing the State's right to appeal under section 2(b) of article 44.01. *Baize*, 981 S.W.2d at 206. In other words, we look to the substance of the State's appeal, rather than its facial allegations, to determine if the appeal is one of the exceptions enumerated in article 44.01(b). *See id.* We conclude that the same analysis applies to a purported appeal by the State under article 44.01(a)(2). We find that the State is not appealing the modified judgment in this case, but rather, like the State's appeal in *Baize*, "something other" than the modified judgment. *Id.* Again, as with the

State's challenge here under article 44.01(b), the "something other" is the trial court's jurisdiction. *See id.*

## III. CONCLUSION

We must strictly construe article 44.01. *See Riewe,* 13 S.W.3d at 411; *see also Brown,* 28 S.W.3d at 610. In determining if we have jurisdiction over this appeal, we have concluded that the substance of the State's complaint is that the trial court acted outside of its plenary jurisdiction. We hold that we do not have jurisdiction over this appeal because the State is appealing neither an illegal sentence nor an order that arrests or modifies a judgment. Accordingly, we dismiss this attempted State's appeal for want of jurisdiction.