IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1592-03






THE STATE OF TEXAS, Appellant



v.



DAVID GUTIERREZ, Appellee





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


NUECES COUNTY






 Hervey, J., delivered the opinion of the Court in which Keller, PJ., Meyers,
Womack, Johnson, Keasler, Holcomb and Cochran, JJ., joined. Price, J., concurred.



OPINION 



 Article 44.01(a)(2), Tex.Code Crim.Proc., provides that the State may appeal a trial court's
order if the "order modifies a judgment." We decide that this provision clearly allows the State to appeal
from such an order that reduces a defendant's sentence, and that is signed after the trial court's plenary
jurisdiction has expired.

 On October 5, 2001, the trial court signed a judgment memorializing appellee's sentence of two
years confinement in a state jail facility for a state jail felony theft conviction. About nine months later on
June 25, 2002, the same trial court (but a different, visiting judge) signed an order entitled "judgment on
[appellee's] motion for reconsideration of punishment" that reduced appellee's sentence to 300 days in the
county jail and a fine of $2000 "to run concurrent." The State appealed, but the Court of Appeals
dismissed the State's appeal for want of jurisdiction because, as we understand it, the State was appealing
the trial court's "jurisdiction to act" and not an order that "modifies a judgment." See State v. Gutierrez,
112 S.W.3d 203, 207-08 (Tex.App.-Corpus Christi 2003). We exercised out discretionary authority to
review this decision. The sole ground upon which we granted discretionary review asks:

 Whether the trial court's order purporting to reduce [appellee's] sentence, long after its
jurisdiction to do so had expired, qualifies as an order that "modifies a judgment" such that
the State may appeal under [Article 44.01(a)(2)]?


 Our duty is to construe Article 44.01(a)(2) according to its "plain [textual] meaning" unless it is
ambiguous or construing it according to its "plain [textual] meaning" will lead to "absurd consequences." 
See Jordan v. State, 36 S.W.3d 871, 873 (Tex.Cr.App. 2001); Boykin v. State, 818 S.W.2d 782, 785
(Tex.Cr.App. 1991). The "plain" language of Article 44.01(a)(2), (1) is unambiguous, and it authorizes the
State to appeal the trial court's order that modified its previous judgment regardless of the legal grounds
for the appeal (the trial court's "jurisdiction to act") and regardless of how the Court of Appeals
characterized this appeal. This construction of Article 44.01(a)(2) does not lead to "absurd
consequences." It also does not contradict the United States Supreme Court's interpretation of 18 U.S.C.
§ 3731, which is the model for Article 44.01 generally. See State v. Medrano, 67 S.W.3d 892, 896
(Tex.Cr.App. 2002) (Texas Legislature modeled art. 44.01 after 18 U.S.C. § 3731 generally); see also
United States v. Martin Linen Supply Co., 97 S.Ct. 1349, 1353 (1977) (congressional intent of 18
U.S.C. § 3731 was to remove all statutory barriers to government appeals and to allow appeals not
prohibited by the Constitution); United States v. Wilson, 95 S.Ct. 1013, 1018-27 (1975).

 The Court of Appeals misapplied our decision in State v. Baize to conclude that the State was
appealing "something other" than the trial court's order modifying its previous judgment. See Gutierrez,
112 S.W.2d at 206-08 (the "something other" was the trial court's jurisdiction); see also State v. Baize,
981 S.W.2d 204 (Tex.Cr.App. 1998). In Baize, this Court held that the court of appeals lacked
jurisdiction over the State's appeal because the State was not appealing a "sentence" under Article
44.01(b), Tex.Code Crim.Proc., which authorizes the State to appeal "a sentence in a case on the
ground that the sentence is illegal." See Baize, 981 S.W.2d at 206-07. We stated that courts "may look
behind the State's facial allegation [that it is appealing a sentence] to determine whether it is in fact
'appealing a sentence and not something else.'" See id.

 The Court of Appeals decided that this also meant looking to the "substance of the State's appeal"
to determine whether the State was appealing an order that modified a judgment See Gutierrez, 112
S.W.3d at 207. Baize, however, did not look to the "substance of the State's appeal" to determine
whether the State was appealing a "sentence." See Baize, 981 S.W.2d at 207. On the contrary, Baize
decided that it would be error to focus on the merits of the appeal rather than whether the State was
appealing on proper grounds. See Baize, 981 S.W.2d at 206. Here, although the State argued the
questioned order was entered after the trial court lost its plenary jurisdiction, the appeal was predicated
upon the State's right to appeal an order that modified the judgment. See Article 44.01(a)(2).

 The judgment of the Court of Appeals is reversed and the case is remanded there for further
proceedings.


 Hervey, J.

 

Delivered: March 10, 2004

Publish

 

 
1. Article 44.01(a)(2) provides that:


 (a) The state is entitled to appeal an order of a court in a criminal case if the order:


 (2) arrests or modifies a judgment.