# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00794-CR

### James Crockett, Appellant

### v.

### City of Austin, Appellee

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NOS. C-1-CR-07-100036, C-1-CR-07-100037, & C-1-CR-07-100038
### HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Crockett appeals a final judgment that was signed by the county court at law on September 18, 2008. Notice of appeal was due 30 days from the date of the decree. *See* Tex. R. App. P. 26.1. Notice of appeal in this case was due by October 20, 2008, and not filed until December 19, 2008. Because the notice of appeal was not timely filed, this Court does not have jurisdiction over the appeal.

Crockett filed a motion for extension of time to file his notice of appeal. A motion for extension of time to file a notice of appeal must be filed within 15 days of the deadline for filing the notice of appeal. Tex. R. App. P. 26.3. Crockett's motion was filed on December 19, 2008, more than 15 days after the October 20, 2008, deadline. Crockett argues that because he timely filed a motion for new trial in the county court at law, the deadline for filing his notice of appeal was extended to December 17, 2008. *See* Tex. R. App. P. 26.2 (notice of appeal must be filed within 90 days after sentence is imposed if defendant timely files motion for new trial).[1]

---

[1]  While Crockett claims that the deadline for filing his notice of appeal was December 18, 2008, a 90-day deadline running from September 18, 2008, would actually fall on December 17, 2008.

Crockett appeals from the county court's review of a criminal conviction in a municipal court of record. In such cases, the county court acts as an intermediate appellate court and does not conduct a trial de novo. *See* Tex. Gov't Code Ann. § 30.00014(b); *see also id.* § 30.00002(1)(B) (in statute governing municipal courts of record, "[a]ppellate court" is defined as "the county court at law if there is no county criminal court, county criminal court of appeals, or municipal court of appeals"). The statute requires that a motion for new trial be filed in municipal court within 10 days of the municipal court's judgment, *see id.* § 30.00014(c), but does not provide for the filing of a subsequent motion for new trial in the county court after the county court's appellate review. *See State v. Morse*, 903 S.W.2d 100, 102 n.2 (Tex. App.—El Paso 1995, no pet.) (in appeals from convictions in municipal courts of record, county court acts "in its capacity as a court of appellate review of municipal proceedings"). As a result, we hold that Crockett's motion for new trial in the county court was not properly filed and did not serve to extend the deadline for filing his notice of appeal. Crockett's motion for extension of time was filed more than 15 days after the October 20, 2008, deadline to file his notice of appeal. We overrule Crockett's motion and dismiss this appeal for want of jurisdiction.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Dismissed for Want of Jurisdiction

Filed: February 24, 2009