

NUMBER 13-12-00121-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                          Appellant,

v.

OLIN ANTHONY ROBINSON,                                      Appellee.

### On appeal from the 24th District Court
### of Jackson County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Garza

This appeal by the State challenges the trial court's February 2, 2012 judgment granting appellee Olin Anthony Robinson's motion for "shock probation." *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6(a) (West Supp. 2011) (providing for trial court's authority to grant "shock probation" to defendants sentenced to imprisonment in the Institutional Division of the Texas Department of Criminal Justice ("TDCJ")). By a single issue, the State contends that the trial court erred in granting appellee's motion. We reverse the trial court's judgment and remand to the trial court for proceedings

consistent with this opinion.

## I. BACKGROUND

A jury found appellee guilty of assault on a public servant, a third-degree felony, *see* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1) (West Supp. 2011), and imposed punishment of four years' imprisonment in TDCJ and a $10,000 fine. The trial court's judgment, entered on February 10, 2010, ordered appellee's sentence to be "executed." Appellee appealed his conviction, and this Court affirmed his conviction. *See Robinson v. State*, No. 13-10-065-CR, 2011 Tex. App. LEXIS 1844, at *2 (Tex. App.—Corpus Christi March 10, 2011, pet. ref'd) (mem. op., not designated for publication). On December 20, 2011, this Court issued its mandate.

On December 28, 2011, appellee filed a "Motion for Continuing Jurisdiction Community Supervision" requesting the trial court to grant him community supervision.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6(a). On February 2, 2012, the trial court entered a "Judgment of Conviction by Court—Waiver of Jury Trial," which assessed punishment at four years' imprisonment in TDCJ and a $10,000 fine, but suspended the punishment and placed appellee on community supervision for four years.[2]

On March 30, 2012, the State filed a bill of exception, which asserted that, contrary to the recitation in the February 2, 2012 judgment, the trial court did not hold a hearing on that date. The trial court granted the State's bill of exception on July 25, 2012. This appeal followed.[3]

---

[1] The motion recited that appellee began serving his sentence the same day the motion was filed, December 28, 2011.

[2] We note that the February 2, 2012 judgment incorrectly cites, "42.12 6a Penal Code," instead of article 42.12, section 6(a) of the code of criminal procedure.

[3] Appellee has not filed a brief to assist us in our disposition of this appeal.

## II. DISCUSSION

We first note that appellee filed a motion to dismiss for want of jurisdiction in this Court challenging our jurisdiction to hear this appeal. Appellee argued that the State had no constitutional or statutory authority to bring this appeal. The State argued in response that under code of criminal procedure article 44.01(a)(2), it has the right to appeal an order that "arrests or modifies a judgment." *See* TEX. CODE CRIM. PROC. ANN. art. 44.01 (a)(2) (West Supp. 2011). We agreed with the State and denied the motion to dismiss. *See State v. Gutierrez*, 129 S.W.3d 113, 115 (Tex. Crim. App. 2004) (holding that article 44.01(a)(2) authorizes the State to appeal a trial court order that modifies its previous judgment); *State v. Posey*, 300 S.W.3d 23, 26 (Tex. App.—Texarkana 2009), *aff'd*, 2011 Tex. Crim. App. LEXIS 3 (Tex. Crim. App. Jan. 12, 2011) (holding that State has right to appeal the trial court's order granting shock community supervision pursuant to article 44.01(a)(2) relating to the arrest or modification of judgment). The State has the right to appeal the order at issue under article 44.01(a)(2) because the order "arrest[ed] or modifie[d] a judgment." *See* TEX. CODE CRIM. PROC. ANN. art. 44.01 (a)(2).

By a single issue, the State contends that the trial court erred in granting appellee's motion for community supervision because it granted the order without conducting a hearing as required by article 42.12, section 6(c) of the code of criminal procedure. *See id.* art. 42.12, § 6(c).

Section 6(a) of article 42.12 of the code of criminal procedure provides, in relevant part:

> For purposes of this section, the jurisdiction of a court imposing a sentence requiring imprisonment in the Texas Department of Criminal Justice for an offense other than a state jail felony continues for 180 days from the date the execution of the sentence actually begins. Before the expiration of 180 days from the date the execution of the sentence actually

3

begins, the judge of the court that imposed such sentence may on his own motion, on the motion of the attorney representing the state, or on the written motion of the defendant, suspend further execution of the sentence and place the defendant on community supervision under the terms and conditions of this article, . . . .

*Id.* art. 42.12, § 6(a). Section 6(c) further provides that: "The judge may deny [a motion requesting continuing jurisdiction community supervision] without a hearing but *may not grant the motion without holding a hearing* and providing the attorney representing the state and the defendant the opportunity to present evidence on the motion." *Id.* art. 42.12 § 6(c) (emphasis added).

Here, appellee's motion for continuing jurisdiction community supervision stated that he began serving his sentence on December 28, 2011. The trial court's order granting the State's bill of exception established that no hearing was held before the trial court granted appellee's motion. Thus, the trial court erred in granting appellee's motion for community supervision without holding a hearing and providing the State an opportunity to present evidence as required by section 6(c). *See id.* art. 42.12, § 6(c).

## III. CONCLUSION

We conclude that the trial court erred in granting appellee's motion for continuing jurisdiction community supervision. We sustain the State's sole issue. We reverse the February 2, 2011 judgment of the trial court and remand to the trial court for proceedings consistent with this opinion.

_____
DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of March, 2013.

4