

NUMBER 13-12-00120-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                    Appellant,

v.

JEAN ROBINSON
A/K/A FLORIA JEAN ROBINSON,                                    Appellee.

**On appeal from the 24th District Court
of Jackson County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Perkes
Memorandum Opinion by Justice Garza**

This appeal by the State challenges the trial court's February 2, 2012 judgment granting appellee Jean Robinson's a/k/a Floria Jean Robinson's motion for "shock probation." *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(f)(2) (West Supp. 2011) (providing for trial court's authority to grant "shock probation" to a person confined in a

state jail facility). By two issues, the State contends that the trial court erred in granting appellee's motion. We reverse the trial court's judgment and render judgment denying appellee's motion for continuing jurisdiction community supervision.

## I. BACKGROUND

A jury found appellee guilty of the state-jail felony offense of evading arrest or detention with a vehicle, *see* TEX. PENAL CODE ANN. § 38.04(a), (b)(1)(B) (West Supp. 2011), and imposed punishment of two years' confinement in state jail and a $10,000 fine. The trial court's judgment, entered on February 10, 2010, ordered appellee's sentence to be "executed." Appellee appealed her conviction, and this Court affirmed her conviction. *See Robinson v. State*, No. 13-10-064-CR, 2011 Tex. App. LEXIS 1844, at *2 (Tex. App.—Corpus Christi March 10, 2011, pet. ref'd) (mem. op., not designated for publication). On December 20, 2011, this Court issued its mandate.

On December 28, 2011, appellee filed a "Motion for Continuing Jurisdiction Community Supervision" requesting the trial court to grant her community supervision.[1] On February 2, 2012, the trial court entered a "Judgment of Conviction by Court—Waiver of Jury Trial," which assessed punishment at two years' confinement in state jail and a $10,000 fine, but suspended the punishment and placed appellee on community supervision for five years. The judgment recited that "[t]he State appeared by her District Attorney."

On March 30, 2012, the State filed a bill of exception, which asserted that, contrary to the recitations in the February 2, 2012 judgment, the trial court did not hold a

---

[1] The motion recited that appellee began serving her sentence the same day the motion was filed, December 28, 2011. We note that the motion incorrectly requested community supervision "pursuant to TEX. CODE CRIM. PROC. art. 42.12, § 6(a)," which applies to defendants sentenced to imprisonment in the institutional division of the Texas Department of Criminal Justice. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6(a) (West Supp. 2011).

hearing on that date, and neither appellee, appellee's counsel, nor the State was present. The trial court granted the State's bill of exception on July 25, 2012. This appeal followed.[2]

## II. DISCUSSION

We first note that appellee filed a motion to dismiss for want of jurisdiction in this Court challenging our jurisdiction to hear this appeal. Appellee argued that the State had no constitutional or statutory authority to bring this appeal. The State argued in response that under code of criminal procedure article 44.01(a)(2), it has the right to appeal an order that "arrests or modifies a judgment." *See* TEX. CODE CRIM. PROC. ANN. art. 44.01 (a)(2) (West Supp. 2011). We agreed with the State and denied the motion to dismiss. *See State v. Gutierrez*, 129 S.W.3d 113, 115 (Tex. Crim. App. 2004) (holding that article 44.01(a)(2) authorizes the State to appeal a trial court order that modifies its previous judgment); *State v. Posey*, 300 S.W.3d 23, 26 (Tex. App.—Texarkana 2009), *aff'd*, 2011 Tex. Crim. App. LEXIS 3 (Tex. Crim. App. Jan. 12, 2011) (holding that State has right to appeal the trial court's order granting shock community supervision pursuant to article 44.01(a)(2) relating to the arrest or modification of judgment). The State has the right to appeal the order at issue under article 44.01(a)(2) because the order "arrest[ed] or modifie[d] a judgment." *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(2).

By its two issues, the State contends that the trial court erred in granting appellee's motion for community supervision because: (1) it granted the order without conducting a hearing as required by article 42.12, section 15(f)(3) of the code of criminal procedure (issue one); and (2) it granted the motion before appellee had served

---

[2] Appellee has not filed a brief to assist us in our disposition of this appeal.

3

seventy-five days in state jail as required by article 42.12, section 15(f)(2) of the code of criminal procedure (issue two).

The State correctly notes that appellee's motion requested the trial court to grant community supervision pursuant to article 42.12, section 6(a), but that provision applies to defendants sentenced to imprisonment in the institutional division of the Texas Department of Criminal Justice. *See id.* art. 42.12, § 6(a) (West Supp. 2011). Section 15(f)(2) applies to defendants, such as appellee, sentenced to a term in state jail. *Id.* art. 42.12, § 15(f)(2); *see also State v. Weems*, Nos. 05-02-239-CR & 05-02-240-CR, 2002 Tex. App. LEXIS 5031, at *5–6, *9 (Tex. App.—Dallas July 16, 2002, no pet.) (mem. op., not designated for publication). The trial court's February 2, 2012 "Judgment of Conviction by Court—Waiver of Jury Trial" recites "§ 42.12 15A2 Penal Code" [sic] as the "statute for offense."

The State argues that "it appears that the trial court did have jurisdiction over this defendant in this cause . . . under [a]rticle 42.12, [s]ection 15(f)(2) [of the code of criminal procedure] . . . ." Article 42.12, section 15(f)(2) provides:

> The court retains jurisdiction over the defendant for the period during which the defendant is confined in a state jail. *At any time after the 75th day after the date the defendant is received into the custody of a state jail*, the judge on the judge's own motion, on the motion of the attorney representing the state, or on the motion of the defendant may suspend further execution of the sentence and place the defendant on community supervision under the conditions of this section.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(f)(2) (emphasis added). Section 15(f)(3) further provides, in relevant part, that: "The judge may deny [a motion requesting continuing jurisdiction community supervision] without a hearing but *may not grant the motion without holding a hearing* and providing the attorney representing the state and

4

the defendant the opportunity to present evidence on the motion." *Id.* § 15(f)(3) (emphasis added).

The record before us does not establish that appellee has served any time in state jail.[3] Nor does the record establish that a hearing was held. *See id.* In its reply to appellee's motion to dismiss, the State asserted that appellee was placed in the Jackson County jail, but was granted community supervision and released before she was transferred to a state jail. Appellee's motion for continuing jurisdiction community supervision stated that she began serving her sentence on December 28, 2011. Even assuming that appellee began serving her sentence on December 28, 2011, and assuming that the trial court's jurisdiction over appellee continued from that date (even though appellee was incarcerated in county jail, not state jail), appellee was incarcerated for less than the seventy-five days required under article 42.12, section 15(f)(2). *See id.* § 15(f)(2); *see also Pippin v. State*, 271 S.W.3d 861, 863 (Tex. App.—Amarillo 2009, no pet.) ("We note that article 42.12, § 15(f)(2) requires a defendant to be in custody for a minimum of seventy-five days before the trial court may suspend further execution of a sentence and grant shock probation.").

Assuming, but not deciding, that the trial court had jurisdiction over appellee pursuant to article 42.12, section 15(f)(2), the trial court erred in granting appellee's motion for community supervision without holding a hearing and providing the State an opportunity to present evidence as required by section 15(f)(3). *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(f)(3); *see also Weems*, 2002 Tex. App. LEXIS 5031, at *5–6

---

[3] Based on the affidavit of Jim Omecinski, the jail administrator for the Jackson County Detention Center, it appears that appellee was incarcerated in the Jackson County Detention Center on February 2, 2012.

("The only limitation on the trial court's authority to grant shock probation [for a person in a state jail facility] is that, before granting a motion for shock probation, it must hold a hearing and allow the defendant and the State 'the opportunity to present evidence on the motion.'"). The trial court's order granting the State's bill of exception established that no hearing was held before the trial court granted appellee's motion.

## III. CONCLUSION

We hold that the trial court erred in granting appellee's motion for continuing jurisdiction community supervision. We sustain the State's first issue. We reverse the February 2, 2011 judgment of the trial court and, because the record affirmatively demonstrates appellee's ineligibility for shock probation, being incarcerated for less than seventy-five days, we render judgment denying appellee's motion for continuing jurisdiction community supervision.[4]

_____
DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of March, 2013.

---

[4] We note that nothing in our opinion precludes the trial court from considering placing appellee on continuing jurisdiction community supervision in compliance with article 42.12, sections 15(f)(2) and 15(f)(3). TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 15(f)(2), 15(f)(3) (West Supp. 2011).

6