Joseph Robert WOLFE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–91–01898–CR.

Court of Appeals of Texas,
Dallas.

May 31, 1994.

Ross Teter, Dallas, for appellant.

April E. Smith, Dallas, for appellee.

Before BAKER, LAGARDE and
KINKEADE, JJ.

## OPINION

BAKER, Justice.

As a result of a plea bargain agreement with the State, appellant pleaded guilty to aggravated sexual assault. The trial court assessed the agreed punishment of a twenty-five year sentence and a $750 fine. We dismiss this appeal for want of jurisdiction.

## THE PROCEDURAL BACKGROUND

### A. The Guilty Plea

The State charged appellant with aggravated sexual assault of a child younger than fourteen years of age. Appellant waived a jury, pleaded guilty, and judicially confessed to the offense. Appellant and the State entered into a plea bargain agreement for a twenty-five year sentence and a $750 fine. The trial court orally admonished appellant, accepted his guilty plea, and assessed the sentence agreed upon by the parties.

Defendant's notice of appeal is a preprinted form. Appellant filed the form under rule 40(b) of the Texas Rules of Appellate Procedure. This form notice is a general notice of appeal. The notice does not state that the trial court granted appellant permission to appeal. Neither does it state that the appeal involves a matter raised by written motion and ruled on before trial.

### B. The Contentions on Appeal

In his original brief, appellant asserted the evidence was insufficient to support his conviction. The State's response to appellant's original brief asserted that the judicial confession appellant made during the guilty plea proceeding is sufficient to support his conviction.

Later, the State moved to dismiss the appeal for lack of jurisdiction. The State's motion asserted appellant did not follow rule 40(b)(1) of the Texas Rules of Appellate Pro-

**646**

cedure. The State argues that because appellant's only point of error involves the sufficiency of the evidence, our Court does not have jurisdiction of the appeal. Appellant answered the State's motion to dismiss, contending the State's motion was untimely and improper. However, appellant has now filed a first supplemental brief. He agrees with the State that our court has no jurisdiction to consider the appeal because he did not satisfy rule 40(b)(1).

## APPLICABLE LAW

 To appeal from a negotiated guilty plea where the trial court assessed the punishment agreed upon, the notice of appeal must include one of two statements. The notice must state the trial court granted permission to appeal or that appellant raised the matters appealed by written motion and the trial court ruled on them before trial. *See* Tex.R.App.P. 40(b)(1). If the notice of appeal does not meet rule 40(b)(1) requirements, the notice is a general notice. A general notice of appeal under rule 40(b)(1) does not confer jurisdiction on a court of appeals to review nonjurisdictional defects or errors that occur before or after the entry of the plea. *See Lyon v. State*, 872 S.W.2d 732, 736 (Tex.Crim.App.1994); *Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim.App.1994). Sufficiency of the evidence is a nonjurisdictional defect. *Lyon*, 872 S.W.2d at 736.

## APPLICATION OF LAW TO THE FACTS

A court's own jurisdiction is fundamental. A court may not ignore the lack of jurisdiction. Even if the parties do not raise lack of jurisdiction, a court must take notice of that circumstance even on its own motion. When an appellate court concludes it does not have jurisdiction to decide the merits of an appeal, it can only dismiss the appeal.

The State asserts this court does not have jurisdiction of this appeal. The State notes that appellant filed a general notice of appeal and raises only a nonjurisdictional defect. The State relies on *Lyon* and *Davis* to support this contention. Appellant's supplemental brief agrees with the State's contention. Appellant concedes this Court has no juris-

diction to consider the appeal because he did not follow rule 40(b)(1) of the Texas Rules of Appellate Procedure. Appellant also cites *Lyon* and *Davis*.

We agree with the parties. We conclude that we lack jurisdiction of this appeal. Before filing his supplemental brief, appellant's only point of error was that the evidence was insufficient to support his guilty plea. He did not complain that his plea was involuntary. Sufficiency of the evidence is a nonjurisdictional defect. *Lyon*, 872 S.W.2d at 736; *Davis*, 870 S.W.2d at 46. This court does not have jurisdiction to review appellant's claim. *Lyon*, 872 S.W.2d at 736; *Davis*, 870 S.W.2d at 46.

We dismiss this appeal for want of jurisdiction.