**Margie Carreno SOLIS, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 05–92–02211–CR.**

Court of Appeals of Texas,
Dallas.

Dec. 14, 1994.

Ross Teter, Dallas, for appellant.

Sue Korioth, Dallas, for appellee.

Before BAKER, KINKEADE, and MALONEY, JJ.

## OPINION

BAKER, Justice.

This is an appeal from a negotiated plea bargain agreement. Appellant pleaded guilty to cocaine possession and true to an enhancement paragraph. The trial court found appellant guilty and assessed a twenty-five-year sentence and a $750 fine.

Appellant states we do not have jurisdiction of this appeal because her notice of appeal does not meet rule 40(b)(1) requirements.[1] However, appellant's notice of appeal facially meets rule 40(b)(1) requirements. Because appellant's point of error

contradicts her notice of appeal, we look to the record to determine which statement is true. Nothing in the record shows the trial court granted appellant permission to appeal. Therefore, we dismiss this appeal for want of jurisdiction.

## PROCEDURAL BACKGROUND

### A. The Plea Bargain

Appellant and the State negotiated a plea bargain agreement. Appellant agreed to plead guilty to the charged offense in exchange for a twenty-five-year sentence and a $750 fine. Appellant waived her right to a grand jury indictment and a jury trial. The trial court admonished appellant about the punishment range and the deportation consequences of her guilty plea. Appellant then pleaded guilty to the offense and true to the enhancement paragraph. The State introduced appellant's written judicial confession and plea of true into evidence. The trial court accepted appellant's plea, followed the plea bargain agreement, and assessed a twenty-five-year sentence and a $750 fine.

### B. The Appeal Form

Appellant filed a preprinted form notice of appeal under rule 40(b). This form contains various issue statements with a box next to each issue. Appellant showed what issues she wanted to appeal by checking the box next to the appropriate statement.

The form notice also has a section about plea bargain agreements. By checking the appropriate box, an appellant can show whether the appeal concerns jurisdictional defects, pre-trial motions, matters the trial court gave permission to appeal, or nonjurisdictional errors occurring after the entry of the plea.

On the notice, under the plea bargain section, appellant checked the box next to the following statement: *"Permission to Appeal. The [t]rial judge has granted permission to appeal the issues set forth herein."*[2] Appel-

---

1. *See* TEX.R.APP.P. 40(b)(1). All further references to "rule" or "rules" mean the Texas Rules of Appellate Procedure unless otherwise stated.

2. We interpret "herein" to refer to the issues appellant checked on the notice of appeal.

lant then checked the boxes next to statements showing: 1) the evidence was insufficient to support the conviction; 2) counsel did not provide effective assistance; and 3) the trial judge prejudged her sentence. Appellant does not raise these issues in her brief.[3] Nothing in the record shows the trial court granted appellant permission to appeal any issue.

## APPELLANT'S CONTENTION ON APPEAL

In her brief, appellant asserts we do not have jurisdiction because she did not satisfy rule 40(b)(1) notice requirement. Appellant states that her notice of appeal does not show she is appealing the trial court's denial of pretrial motions or that the trial court granted permission to appeal. Appellant's point of error contradicts the statement in her notice of appeal. The State did not file a brief.[4]

## APPELLATE JURISDICTION

### A. Applicable Law

■ A court's own jurisdiction is fundamental. A court may not ignore the lack of jurisdiction. Even if the parties do not raise jurisdiction, a court must take notice of that circumstance, even on its own motion. *Wolfe v. State,* 878 S.W.2d 645, 646 (Tex.App.—Dallas 1994, no pet.). When an appellate court concludes it does not have jurisdiction to decide the merits of an appeal, it can only dismiss the appeal. *Wolfe,* 878 S.W.2d at 646.

■ To appeal nonjurisdictional issues from a negotiated guilty plea where the trial court assessed the punishment agreed upon by the parties, a defendant must include one of two statements in his notice of appeal. The notice must state the trial court granted permission to appeal or that appellant raised the matters appealed by written motion and the trial court ruled on them before trial.

*See* Tex.R.App.P. 40(b)(1). These statements in the notice of appeal must be true to confer jurisdiction to consider nonjurisdictional issues. *See Hutchins v. State,* 887 S.W.2d 207, 210 (Tex.App.—Austin, 1994, no pet. h.). Additionally, mere allegations are not enough to support a claim. An appellant must develop a record to substantiate his claims. *See Johnson v. State,* 649 S.W.2d 111, 114 (Tex. App.—San Antonio 1983), *aff'd,* 662 S.W.2d 368 (Tex.Crim.App.1984).

■ If the notice of appeal and the record do not meet rule 40(b)(1) notice requirements, the notice is a general notice. A general notice of appeal under rule 40(b)(1) does not confer jurisdiction on a court of appeals to review nonjurisdictional errors or defects that occur before or after entry of the plea. *See Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); *Davis v. State,* 870 S.W.2d 43, 46 (Tex.Crim.App.1994); *Wolfe,* 878 S.W.2d at 646.

### B. Application of Law to Facts

■ In her brief, appellant argues that we do not have jurisdiction to consider her appeal because she did not satisfy rule 40(b)(1) notice requirements. However, appellant's preprinted notice of appeal form states that the trial judge granted permission to appeal. Because of this contradiction, we must review the entire record to determine which statement is true. *See Riley v. State,* 825 S.W.2d 699, 701 (Tex.Crim.App.1992).

■ Nothing in the record supports appellant's assertion that the trial court granted her permission to appeal. We hold we do not have jurisdiction to review any nonjurisdictional errors or defects before or after the entry of appellant's plea. *Lyon,* 872 S.W.2d at 736; *Davis,* 870 S.W.2d at 46; *Wolfe,* 878 S.W.2d at 646. We sustain appellant's point of error.

---

3. We note that we clearly would not have jurisdiction of these issues if appellant had not checked the box indicating the trial court granted permission to appeal. *See* Tex.R.App.P. 40(b)(1); *Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); *Davis v.*

*State,* 870 S.W.2d 43, 46 (Tex.Crim.App.1994); *Wolfe v. State,* 878 S.W.2d 645, 646 (Tex.App.—Dallas 1994, no pet.).

4. The State filed a letter stating it believed no further response was necessary.

We dismiss this appeal for want of jurisdiction.