In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-431 CR


____________________



WENDELL MARV HOLLINGSWORTH, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 84522






MEMORANDUM OPINION (1)


 Wendell Marv Hollingsworth pleaded guilty to the third degree felony offense of
assault on a public servant. See Tex. Pen. Code Ann. § 22.01(a)(1),(b)(1) (Vernon
2003). The trial court sentenced Hollingsworth to five years of confinement in the Texas
Department of Criminal Justice, Institutional Division. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On May 15, 2003,
Hollingsworth was given an extension of time in which to file a pro se brief. We received
no response from the appellant. 

 The State contends that Hollingsworth was sentenced in accordance with the terms
of a plea bargain agreement that capped the punishment range at five years of confinement
in the state penitentiary. The Clerk's record does not contain a written plea bargain
agreement, but does include a document, titled "Unagreed Punishment Recommendations,"
in which the State's recommendation is "5 yr. CAP TDC." The trial court initially
admonished Hollingsworth for an open plea, but then admonished Hollingsworth as
follows: 

 THE COURT: The State of Texas, on the other hand, is going to
recommend that I place you in the penitentiary but that I do not exceed five
years in the penitentiary. I can follow that recommendation, but I don't have
to. Do you understand? 

 THE DEFENDANT: Yes, sir.

 THE COURT: If I decide that you should go to the penitentiary but
you should go for more than five years, I have to give you the opportunity
to withdraw your plea and start all over again. Do you understand that part?

 THE DEFENDANT: Yes, sir.

 THE COURT: If I decide to place you in the penitentiary anywhere
from two to five, you will not have the opportunity to withdraw your plea. 
Do you understand?

 THE DEFENDANT: Yes.

 Although the record contains inconsistencies, it is apparent a plea bargain existed.
See Lemoins v. State, 37 S.W.3d 556, 557-59 (Tex. App.--Beaumont 2001, no pet.). 
Because the appeal was perfected before January 1, 2003, the notice of appeal must specify
that the appeal is for a jurisdictional defect, specify that the substance of the appeal was
raised by written motion and ruled on before trial, or state the trial court granted
permission to appeal. Tex. R. App. P. 25.2(b)(3). In an attempt to comply with Rule
25.2(b)(3), Hollingsworth filed a specific notice of appeal that stated he desires to appeal
all jurisdictional defects and the substance of written motions ruled upon before trial. 

 To confer jurisdiction on a court of appeals to consider nonjurisdictional issues, the
statements in the notice of appeal must be true. Hutchins v. State, 887 S.W.2d 207, 210
(Tex. App.--Austin 1994, pet. ref'd). We review the record to find support for the
allegations in the notice of appeal. See Solis v. State, 890 S.W.2d 518, 520 (Tex. App.--Dallas 1994, no pet.). If appellant's notice of appeal is not supported by the record, it
does not invoke appellate jurisdiction. Id. Hollingsworth filed pre-trial motions but did
not obtain a ruling on the motions before he pleaded guilty. He has not raised
jurisdictional error on appeal, and our review of the record reveals no jurisdictional error. 
We conclude that the notice of appeal failed to invoke our appellate jurisdiction. White v.
State, 61 S.W.3d 424, 428-29 (Tex. Crim. App. 2001); Cooper v. State, 45 S.W.3d 77,
78 (Tex. Crim. App. 2001).

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). Hollingsworth raises no points of error over
which we have jurisdiction. Accordingly, we dismiss the appeal for want of jurisdiction.

 APPEAL DISMISSED.

 PER CURIAM

Submitted September 12, 2003 

Opinion Delivered September 24, 2003

Do Not Publish 


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. Tex. R. App. P. 47.4.