WR-83,625-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/22/2015 12:41:48 PM
Accepted 7/22/2015 1:17:42 PM
ABEL ACOSTA
CLERK

Cause No. _____

RECEIVED
COURT OF CRIMINAL APPEALS
7/22/2015
ABEL ACOSTA, CLERK

# IN THE TEXAS COURT OF CRIMINAL APPEALS

In Re: DAVID MARK DAVIS II,

**Relator**

On Petition for Writ of Mandamus to the

County Court at Law No. 2, Angelina County, Texas

**PETITION FOR WRIT OF MANDAMUS**

David Mark Davis II
Relator, *Pro Se*
905 N Loop 499, Unit 525
Harlingen, TX 78550
(936) 238-8507(T)
(936) 309-0060(F)
dmarkdavis2@gmail.com

1

## PARTIES

**RELATOR:**

DAVID MARK DAVIS II
Relator, *Pro Se*
905 N Loop 499, Unit 525
Harlingen, TX 78550
(936) 238-8507


**RESPONDENT**:

Honorable Derek Flournoy
Judge, Angelina County Court at Law No. 2
P. O. Box 908
Lufkin, Texas 75902

**REAL PARTY IN INTEREST**: State of Texas

**Counsel for State of Texas:**

ED C. JONES, Angelina County Attorney
TX State Bar No. 10873300
Angelina County Attorney's Office
P. O. Box 1845
Lufkin, Texas 75902-1845
936-639-3929

## Table of Contents

Identity of Parties and Counsel ................................................................. 2

Index of Authorities ............................................................................... v

Statement of the Case ...........................................................................viii

Statement of Jurisdiction ........................................................................ ix

Issues Presented ..................................................................................... x

Relator Waives Oral Argument...............................

Statement of Facts .................................................................................. 3

Argument ............................................................................................... 4

I. The Trial Court Abused Its Discretion in when it denied Davis' Motion to Withdraw his Plea of No Contest

II. Absent Mandamus Relief, the Trial Court's Order Threatens Continued Serious, Imminent Harm

III. There Is No Adequate Remedy by Appeal Because the Harm Is Imminent and No Interlocutory Appeal Available

IV. Davis Has a Justiciable Interest in the Outcome of the Underlying Proceedings

Prayer ................................................................................................... 15

Mandamus Certification ......................................................................... 17

Certificate of Service ............................................................................. 18

Certificate of Compliance ...................................................................... 20

# Index of Authorities

| Cases Cited | Page # |
| --- | --- |

Alford v. North Carolina, 400 U.S. 25 (1970)......................................................8

Boykin v. Alabama, 395 U.S. 238 (1969)............................................................8

Brady v. United States, 397 U.S. 742 (1970)......................................................8

Elrod v. Burns, 427 U.S. 347, 373 (1976)..........................................................10

Kercheval v. United States, 274 U.S. 220 (1927)................................................9

Leonard v. United States, 231 F.2d 588 (5th Cir. 1956)......................................8

Machibroda v. United States, 368 U.S. 487 (1962)..............................................8

McCarthy v. United States, 394 U.S. 45 (1969)...................................................8

McMann v. Richardson, 397 U.S. 759 (1970)......................................................8

Parker v. North Carolina, 397 U.S. 790 (1970)...................................................8

Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116 (1956)..............................8

Schnautz v. Beto, 416 F.2d 214 (5th Cir. 1969)...................................................8

United States v. Jackson, 390 U.S. 580 (1968).....................................................8

United States ex rel. Bresnock v. Rundle, 300 F. Supp. 264 (E.D. Pa. 1969).............8

Waley v. Johnston, 316 U.S. 101 (1942)..............................................................9

## U.S. Constitution
Amend. V, U.S. Const. ...............................................................................8,9,10

Amend. VI, U.S. Const. ..............................................................................8,9,10

## Texas Code of Criminal Procedure
Tex. Code of Crim. Proc. Art. 4.03 ..................................................................10

Tex. Code of Crim. Proc. Art. 4.04 ....................................................................5

## Texas Transportation Code
Tex. Transp. Code § 545.351 ..............................................................................5

## Secondary Sources
D. NEWMAN, THE DETERMINATION OF GUILT OR INNOCENCE WITHOUT TRIAL 8 (1966)..................................................................................................9

## JURISDICTION OF THE COURT

This court has jurisdiction to issue the relief sought pursuant Article 4.04 of the Texas Code of Criminal Procedure.

## ISSUES PRESENTED

The record clearly shows that Davis' plea of no contest was conditioned on his right to appeal. Since Davis had no right to appeal based on the punishment imposed by the trial court, it cannot be fairly said that Davis' plea was knowingly and voluntarily made. Davis has no adequate remedy at law to rectify this error. This is evidenced from the dismissal of his appeal by the 12th Court of Appeals. Absent this court granting the requested relief, Davis will continue to suffer irreparable harm. Since Davis is the Defendant in this case, he has standing to bring this action.

## STATEMENT OF THE CASE

This is a mandamus action seeking to compel the Angelina County Court at Law No. 2 to grant Davis' motion to withdraw his plea of contest which was not knowingly and voluntarily made.

The State of Texas complains in Angelina County Court at Law Cause Number 14-1048 that on or about April 15, 2014, the Appellant was driving a motor vehicle on Chestnut Street in Angelina County, Texas in violation of Tex. Transp. Code Ann. § 545.351. This complaint and decision to charge Davis came as a product of a routine traffic stop and statements and other evidence made during said traffic stop.

5

1) Appellant was initially issued a citation to appear in the Lufkin Municipal Court to answer the above referenced accusation. A formal complaint was filed with said Municipal Court formally charging Davis with Speeding on April 21, 2014.

2) On July 17, 2014, the Lufkin Municipal Court accepted Davis' plea of no contest and notice of appeal. On said day, the Municipal Court also approved an appeal bond for appeal to the Angelina County Court at Law. This case was assigned Angelina County Court at Law Cause No. 14-1048.

3) As part of his initial pleadings in his trial de novo in the County Court at Law No. 2, Davis filed, inter alia, a motion to suppress evidence claiming the traffic stop was conducted by law enforcement in violation of Davis' Fourth Amendment right to be free from unreasonable seizures and Davis moved all evidence obtained as a result of the stop should be suppressed.

8) The State made a reply brief alleging that no seizure had occurred in this case.

9) The trial court held a hearing on Davis' Motion to Suppress on October 10, 2014. The trial court denied Davis' motion, and sustained the State's argument by holding that a traffic stop is not a seizure within the meaning of the Fourth Amendment.

10) Davis then entered a plea of no contest conditioned on his right to appeal the ruling on the motion to suppress which Davis argued was contrary to a quarter century of of legal precedent.

11) The Trial Court accepted Davis' conditional plea, found him guilty, and set

6

punishment at $75.00 plus court cost. Davis filed a timely notice of appeal.

12) On appeal, the 12th Court of Appeals dismissed Davis' appeal for want on jurisdiction, citing that the fine of $75.00 was insufficient to invoke the Court Jurisdiction (which requires a minimum fine of over $100.00)

10) Davis timely filed a motion for to withdraw his plea with the trial court, this was filed as "Defendant's Motion to Vacate Finding of Guilt & Subsequent Punishment.

11) On July 21, 2015, the trial court denied the above referenced motion.

12) On July 22, 2015, Davis filed with the trial court a motion for leave to seek writ of mandamus with this court.

## RELATOR WAIVES ORAL ARGUMENT

The issues presented herein are not in anyway novel. As such, the Relator waives oral argument.

## ARGUMENT

**A. The trial court abused its discretion when it denied Davis' Motion to withdraw his plea of no contest.**

On October 10, 2015, Davis entered a plea of no contest to the charged offense expressly conditioned on his right to appeal the trial courts denial of Davis' Motion to Suppress. Immediately after Davis entered his conditional plea, the trial court accepted the plea and assessed punishment at $75.00. Davis timely a notice of appeal with the

7

12th Court of Appeals. After hearing brief submissions by both the State and Davis, the 12th Court of Appeals acting sua sponte dismissed the appeal for Want of Jurisdiction. The Court of Appeals cited the fact that Davis' punishment was less than the $100.01 needed for the Court to have jurisdiction over the appeal. Davis timely filed a motion for to withdraw his plea with the trial court, this was filed as "Defendant's Motion to Vacate Finding of Guilt & Subsequent Punishment. The State did not file a brief or raise objection to Davis Motion. On July 21, 2015, the trial court denied this motion. Davis asserts this was an abuse of discretion.

## 1. Rule of Law

**To pass the constitutional muster, an Appeal must be knowingly and voluntarily made.**

The "voluntariness" of the plea is the critical factor in determining its validity and that due process mandates that the plea be knowingly and understandingly made: Alford v. North Carolina, 400 U.S. 25 (1970); Parker v. North Carolina, 397 U.S. 790 (1970); McMann v. Richardson, 397 U.S. 759 (1970); Brady v. United States, 397 U.S. 742 (1970); Boykin v. Alabama, 395 U.S. 238 (1969); McCarthy v. United States, 394 U.S. 45 (1969); United States v. Jackson, 390 U.S. 580 (1968); Machibroda v. United States, 368 U.S. 487 (1962); Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116 (1956); Schnautz v. Beto, 416 F.2d 214 (5th Cir. 1969); Leonard v. United States, 231 F.2d 588 (5th Cir. 1956); United States ex rel. Bresnock v. Rundle, 300 F. Supp. 264 (E.D. Pa.

8

1969). D. NEWMAN, THE DETERMINATION OF GUILT OR INNOCENCE WITHOUT TRIAL 8 (1966): "While the accurate separation of the guilty from the innocent is obviously a major objective of adjudication by trial or by plea, there is also increasing concern, particularly by appellate judges, over aspects of the guilty plea process not directly related to the guilt or innocence of the defendant. For example, it is generally required that the person pleading guilty do so only with full understanding of the consequences." "Fairness of the process is no less an objective in guilty plea cases than in cases which are tried, but dimensions and the significance of fair procedures in the guilty plea process has received less attention than the matter of fair trial." Id. At 206. A plea which fails to meet this test is void on due process grounds. Since a guilty plea is itself a sufficient basis for a conviction, an invalid plea is, in effect, an invalid conviction open to collateral attack. Waley v. Johnston, 316 U.S. 101 (1942)

The Supreme Court has held that "the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear or inadvertence. Such an application does not involve any question of guilt or innocence." Kercheval v. United States, 274 U.S. 220 (1927).

2. <u>**Analysis**</u>

<u>**Abuse of Discretion – Davis' plea was void as a matter of law**</u>

Here, when Davis entered his plea, he did so with the understanding that he would

9

have a right to appeal. In fact, the was an express condition of the plea he made and the plea the trial court accepted. See R.R. Vol. 3, P. 5. Not having a legal right to appeal would undoubtedly lead to the conclusion that Davis did not voluntarily, knowingly and intelligently enter said plea since the condition of the right to appeal a pretrial ruling was the key factor in his plea. This fact cannot be ignored. The Court of Appeals lacked jurisdiction based on the fine amount assessed by the trial court. Tex. Code of Crim. Proc. Art. 4.03. When it received the mandate from the Court of Appeals that Davis' appeal was dismissed for want of jurisdiction through no fault of his own, the trial court had the duty upon receiving Davis' motion to vacate the finding of guilt. Davis' plea of no contest is void as a matter of law since it doesn't conform to the mandates of the United States or Texas constitutions as it violates Davis' right to due process and a fair trial. For these reasons, the trial court abused its discretion when it denied Davis' motion and refused to vacate the finding of guilt.

**Davis has suffered irreparable harm and will continue to suffer irreparable harm unless this Court grants the relief sought.**

Davis has shown that he has suffered a violation of his constitutional rights. The showing of such violation is sufficient to prove irreparable harm. See Elrod v. Burns, 427 U.S. 347, 373 (1976).

## No Adequate Remedy at Law

As the 12th Court of Appeals demonstrated in dismissing Davis' appeal, Davis has no other adequate remedy at law available to cure the abuse of discretion he complains of. Furthermore, since this is a post conviction misdemeanor case, Article 11 of the Texas Code of Criminal Procedure is unavailable.

## Davis Has a Justiciable Interest in the Outcome of the Underlying Proceedings

It is indisputable that Davis has standing to bring this action. This is based on the indisputable fact that Davis is the one suffering the harm complained of herein.

## PRAYER FOR RELIEF

For the foregoing reasons, Davis has demonstrated that he is entitled to the relief he seeks and prays the Honorable Court of Criminal Appeals issue a writ of mandamus to the Angelina County Court at Law Number 2 compelling the relief Davis seeks herein.

Respectfully Submitted,

David Mark Davis II
Relator, *Pro Se*

11

# VERIFICATION

**THE STATE OF TEXAS**

**COUNTY OF CAMERON**

Before me, the undersigned notary, on this day personally appeared David Mark Davis II, a person whose identity is known to me. After I administered an oath to him, upon his oath he said the following:

"My name is David Mark Davis II. I am over twenty-one (21) years of age, of sound mind, and am capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct. All of the documents in the attached are true and correct copies identified or are true and correct copies of the document filed in this action, as those documents exist in my files."

Signed this 22nd day of July 2015.

_____
David Mark Davis II, Affiant

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this the 22nd day of July, 2015.

MELINDA ROSALEZ
MY COMMISSION EXPIRES
June 2, 2018

Notary Public in and for the
State of Texas

## Certificate of Service

The Respondent was served a copy by Certified First Class U.S. Mail - Return Receipt Requested, sent July 22, 2015.

Hon, Derek Flournoy
Judge, Angelina County Court at Law No. 2
P. O. Box 908
Lufkin, Texas 75902

The State of Texas, as Real Party in Interest, was served via email to

ejones@angelinacounty.net.

**Counsel for State of Texas:**

ED C. JONES, Angelina County Attorney
TX State Bar No. 10873300
Angelina County Attorney's Office
P. O. Box 1845
Lufkin, Texas 75902-1845
936-639-3929

David M Davis II

## Certificate of Compliance

Relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this reply (excluding any caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix) is 935 words.

_____

David Mark Davis II, Relator, *Pro Se*

Appendix

A

Reporter Record

Vol. 1, 2 & 3

REPORTER'S RECORD

VOLUME 1 OF 3 VOLUMES

APPELLATE CASE NO. 12-14-00296-CR

TRIAL COURT CASE NO. 14-1048

| THE STATE OF TEXAS | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW NUMBER TWO OF |
| | § | |
| DAVID MARK DAVIS II | § | ANGELINA COUNTY, TEXAS |

_____

MASTER INDEX

_____

On the 25th day of September, 2014 and the 10th day of October, 2014, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Derek C. Flournoy, Judge presiding, held in Lufkin, Angelina County, Texas:

Proceedings reported by Computerized Stenograph Machine.

Elizabeth Murphy, CSR - Deputy  P.O. Box 908, Lufkin, TX  75902-0908
159th Judicial District Court                      936-639-3913

A P P E A R A N C E S

Mr. James Yakovsky                    Mr. David Mark Davis, II
ASSISTANT COUNTY ATTORNEY             11 Glenview Court
SBOT NO. 24030668                     Lufkin, TX  75901
215 E. Lufkin Avenue                  (936) 238-8507
Lufkin, TX  75901                     APPEARING PRO SE
(936) 639-3929
ATTORNEY FOR STATE

VOLUME 1
(MASTER INDEX)

VOLUME 2
(HEARING ON MOTION TO SUPPRESS)

                                              Page   Vol.
SEPTEMBER 25, 2014

Case called . . . . . . . . . . . . . . . . . . .   4     2

Opening comments by the Court . . . . . . . . . . .   4     2

Questions by the Court regarding Motion to Suppress .   6     2

Questions by the Court regarding State's Burden . . .   6     2

Response regarding State's Burden by Mr. Yakovsky . .   6     2

Questions by the Court regarding Motion to Suppress .   8     2

Response regarding Motion to Suppress by Mr. Davis. .   8     2

Further Comments and Questions by the Court . . . . .   9     2

Further Response by Mr. Davis . . . . . . . . . . .   9     2

Further Response by Mr. Yakovsky. . . . . . . . . . .  11     2

Further Comments by the Court, Mr. Davis and
Mr. Yakovsky. . . . . . . . . . . . . . . . . . . .  12     2

Proceedings adjourned . . . . . . . . . . . . . . .  16     2

Court Reporter's Certificate. . . . . . . . . . . .  17     2

EXHIBIT INDEX

NO.          DESCRIPTION              OFFERED   ADMITTED    VOL.

NONE

VOLUME 3
(BENCH TRIAL)

                                              Page   Vol.
OCTOBER 10, 2014

Opening comments by the Court . . . . . . . . . . .   4     3

Argument regarding Motion to Suppress by Defendant. .   4     3

Elizabeth Murphy, CSR - Deputy  P.O. Box 908, Lufkin, TX  75902-0908
159th Judicial District Court                 936-639-3913

4

Response regarding Motion to Suppress by State. . . . 5    3

Partial Denial of Motion to Suppress by the Court . . 5    3

No Contest Plea entered by Defendant. . . . . . . . . 5    3

Court's Ruling and Acceptance of No Contest Plea. . . 6    3

Oral Notice of Appeal entered by Defendant. . . . . . 6    3

Court's Ruling on Punishment. . . . . . . . . . . . . 8    3

Proceedings adjourned . . . . . . . . . . . . . . . . 8    3

Court Reporter's Certificate. . . . . . . . . . . . . 9    3

EXHIBIT INDEX

NO.          DESCRIPTION              OFFERED   ADMITTED    VOL.

NONE

Elizabeth Murphy, CSR - Deputy  P.O. Box 908, Lufkin, TX  75902-0908
159th Judicial District Court                    936-639-3913

THE STATE OF TEXAS     §

COUNTY OF ANGELINA     §

I, Elizabeth Murphy, Official Court Reporter in and for County Court at Law No. 2 of Angelina County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $_____ and will be paid by _____.

WITNESS MY OFFICIAL HAND this the _____ day of _____, 2014.

_____
ELIZABETH MURPHY, CSR #4832
Expiration Date:  12/31/2014

Elizabeth Murphy, CSR - Deputy  P.O. Box 908, Lufkin, TX  75902-0908
159th Judicial District Court                    936-639-3913

REPORTER'S RECORD

VOLUME 2 OF 3 VOLUMES

APPELLATE CASE NO. 12-14-00296-CR

TRIAL COURT CASE NO. 14-1048

| | | | |
|---|---|---|---|
| THE STATE OF TEXAS | § | IN THE COUNTY COURT | |
| | § | | |
| VS. | § | AT LAW NUMBER TWO OF | |
| | § | | |
| DAVID MARK DAVIS II | § | ANGELINA COUNTY, TEXAS | |

_____

HEARING ON MOTION TO SUPPRESS

_____

On the 25th day of September, 2014, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Derek C. Flournoy, Judge presiding, held in Lufkin, Angelina County, Texas:

Proceedings reported by Computerized Stenograph Machine.

Elizabeth Murphy, CSR          P.O. Box 908, Lufkin, TX  75902-0908
County Court at Law #2                            936-634-8984

A P P E A R A N C E S

Mr. James Yakovsky                    Mr. David Mark Davis, II
ASSISTANT COUNTY ATTORNEY             11 Glenview Court
SBOT NO. 24030668                     Lufkin, TX  75901
215 E. Lufkin Avenue                  (936) 238-8507
Lufkin, TX  75901                     APPEARING PRO SE
(936) 639-3929
ATTORNEY FOR STATE

                        I N D E X
                        VOLUME 2
              (HEARING ON MOTION TO SUPPRESS)
                                            Page  Vol.
SEPTEMBER 25, 2014

Case called . . . . . . . . . . . . . . . . . . .  4    2

Opening comments by the Court . . . . . . . . . . .  4    2

Questions by the Court regarding Motion to Suppress .  6    2

Questions by the Court regarding State's Burden . . .  6    2

Response regarding State's Burden by Mr. Yakovsky . .  6    2

Questions by the Court regarding Motion to Suppress .  8    2

Response regarding Motion to Suppress by Mr. Davis. .  8    2

Further Comments and Questions by the Court . . . . .  9    2

Further Response by Mr. Davis . . . . . . . . . . .  9    2

Further Response by Mr. Yakovsky. . . . . . . . . . 11    2

Further Comments by the Court, Mr. Davis and
Mr. Yakovsky. . . . . . . . . . . . . . . . . . . . 12    2

Proceedings adjourned . . . . . . . . . . . . . . . 16    2

Court Reporter's Certificate. . . . . . . . . . . . 17    2

                        EXHIBIT INDEX

NO.          DESCRIPTION          OFFERED  ADMITTED    VOL.

NONE

Elizabeth Murphy, CSR          P.O. Box 908, Lufkin, TX  75902-0908
County Court at Law #2                          936-634-8984

THE COURT: This is Cause 14-1048, State of Texas versus David Mark Davis, II. All right. Mr. Davis -- let the record reflect Mr. Davis is present pro se, State's present through Mr. Yakovsky. Let me ask a couple questions before we get started. I've had an opportunity to read the motion and the response. That aside, there were a couple other things you filed, Mr. Davis. You filed a motion for the jury to assess punishment, which obviously is your right to do. I've never had anybody file an order with -- getting my permission because I don't think you have to have my permission to file that, you know. I'd be happy to sign it if you'd like, I just don't know that it's necessary and then you also did that on your motion to make an opening statement. You have the right to make an opening statement in trial whether it's a nonjury or a jury trial and you've submitted an order with that as well. I mean, it doesn't bother me to grant that motion, although I don't know that it's something I have the authority to deny, but, you know, whatever you want me to do. It doesn't really matter; so, I'll sign it if you want me to.

MR. DAVIS: Your Honor, I since -- on the jury issue, I waived a jury for a Bench trial after I filed that.

THE COURT: Okay.

MR. DAVIS: And the other issue, it's your call, sir. You don't have to sign it if --

THE COURT: Okay. Any thoughts on that, Mr. Yakovsky?

MR. YAKOVSKY: No, Judge. I don't have any thoughts on those issues.

THE COURT: You filed your waiver of counsel, which is nice. I haven't seen a pro se litigant do this, although, you know, these are the admonitions that I have to give, to tell you what a horrible idea it is to represent yourself at trial; however, with this being a Class C misdemeanor, obviously you don't run the risk of incarceration. It's a fine-only offense if you're convicted; so -- but that's nice. I like that. That's good to see.

All right. You've also filed a Motion for Discovery and Inspection of Evidence. I didn't actually set that for today's hearing, I just set the Motion to Suppress, but you and Mr. Yakovsky get together on that and, you know, under the new Michael Morton Act, there are certain things you're entitled to receive. I know there's some question because it's not specifically addressed as to what a pro se litigant can have because the act itself talks about an attorney or a defendant being able to possess certain documents, but like I say, I suspect that if you and Mr. Yakovsky get together, you can probably work through those issues and if you can't, then I'll reset it.

Let's see -- all right. On the Motion to

Suppress, let me ask this question because I couldn't tell from your motion. What is it that you're trying to suppress?

MR. DAVIS: The fruits of the stop itself.

THE COURT: Which were what?

MR. DAVIS: The identity and the basis for the cause of action, being able to identify me.

THE COURT: Okay. You have any cases on that issue?

MR. DAVIS: Yes -- at the house. I can do a little more research. Most of the stuff I've read deals with DUIs as a secondary.

THE COURT: Sure, because they're taking blood or breath or something like that. I've never seen this in a speeding traffic violation case before and, so, like I say, I was just a little confused. I didn't know what you were trying to suppress unless there was -- you gave a statement or something like that, but I couldn't tell, from looking at the file, that you had. All right. Mr. Davis, are you ready to proceed?

MR. DAVIS: Yes, sir.

THE COURT: State ready?

MR. YAKOVSKY: We're ready, Judge.

THE COURT: All right. Do you agree because this is a warrantless search that you have the burden?

MR. YAKOVSKY: Judge, that's kind of an

interesting question and I'll just tell you kind of what I did. I did file a reply just to give the Court a little -- to be quite honest, I didn't feel -- and the Court will probably give Mr. Davis some leeway, being pro se, and I'm happy to go along with that as well, but this Motion to Suppress, he doesn't articulate any particular facts as to either a constitutional or a statutory violation in connection with the traffic stop and, so, what I did was I just prepared a response and sort of generalized the laws that may touch on a traffic stop.

There's no arrest, no search, no seizure, just a notice to appear was all he had to sign, promise to appear; so, I wanted to lay those things out in my response, indicating that all those elements were met, elements of a citation in a speeding case; I mean, it's a pretty straightforward area of law and pretty straightforward procedurally.

So, in order for me to make any more of it than what it really is, I did the best I could just by kind of showing that we believe that as far as this being a basic traffic stop, there wasn't anything that touched on either a constitutional or statutory violation, that I can tell, based on the Motion to Suppress and as a result of that, I feel like Mr. Davis has still got the burden there to overcome the -- there's a premise that everything was done properly and

until that premise is overcome with some articulated fact or circumstance to indicate that there was some constitutional or statutory violation, then it's sort of difficult to respond to not knowing -- usually you have a -- trying to suppress blood evidence in a DUI case and maybe it was based on a warrantless search or some issue where you've got some fruits of the arrest and stop and all those and we don't have any of that here.

So, I'm just kind of generalizing in my response, but I do believe that he still has some burden because I'm not really sure where we stand with what regard we have to prove -- it's difficult to prove something I don't know where -- you know, what are we up against, I guess.

THE COURT: And I guess one of -- the issue is normally we see a Motion to Suppress on a search or seizure and your Motion to Suppress is silent on what it is that you're trying to suppress. You just say fruits, the cause of action came from fruits produced as a direct result of the detention, but then you don't -- you don't give any indication of what that is and that's why my first question is what are you trying to suppress here?

MR. DAVIS: Well, in rebuttal, Your Honor, warrantless stops -- I mean, it was a seizure. I disagree with that point because I wasn't free to go; I mean, when a police officer turns their reds and blues on behind you, if I

were to just drive off, I'm going to be arrested. I'm being restrained against my will. I would certainly call that a seizure, kind of goes into the DUI caselaw, the same thing. The basis for the stop was a seizure.

THE COURT: I don't think it's a seizure. I think it's a detention. Generally at that point in time when you've been pulled over, you're detained and you're not free to leave until they've ascertained the information they're needing to get from you. Do you have any cases on point with regard to a traffic stop where it's a speeding?

MR. DAVIS: Just -- the only ones I've been able to find are related to other offenses like drugs found after the search or DUI or after the seizure.

THE COURT: Because I think once you've been stopped and there's probable cause to stop you or reasonable suspicion to stop you, I think you have an obligation at that point in time to give your name or they can charge you with a fail to identify.

MR. DAVIS: Yes, sir.

THE COURT: Once they request it, you have to give it, unlike your blood or consent to search or things of that nature, you don't have an obligation to give it.

MR. DAVIS: Yes, sir.

THE COURT: They have to either have a warrant or have some probable cause to search at that point in time.

What I would prefer to do, and I'm going to tell you what my thought is, but I would prefer to give you the opportunity to find me a case on point in regard to just a traffic stop on a speeding or it doesn't necessarily even have to be a speeding; I mean, it could be a running a red light or something of that nature that doesn't involve drugs or alcohol that would have been seized or searched, okay? I'm not going to say confident, but I have a feeling you're not going to find anything because I don't believe that this applies, but I'm going to give you that opportunity to find something. You've listed a couple of cases here talking about routine traffic stops and I haven't read either one of these and you didn't bring those for me, did you?

MR. DAVIS: No, Your Honor, but those deal with -- they're not speeding and the problem with it is there's not a lot of caselaw on C misdemeanor traffic violations. I can get on Lexis and look at --

THE COURT: See what you can find.

MR. DAVIS: -- Shepardize it, but I don't know.

THE COURT: Usually when you have cases like that, when you have traffic -- and there are some that go up, but usually someone is asserting a constitutional right and, of course, it costs a lot more to do that than it does to pay a fine in a traffic case; so, it's usually principle-based and those go up either to the State or the US Supreme Court,

but there are some, you know, the red light camera, stuff has gone up. I think the one recently that went up was the guy that was driving on the left-hand -- in the left-hand lane, outside lane. Police officer pulls him over for not driving on the inside lane, you know, and you'll see those signs that say slower traffic keep to the right. That one went up and the issue was, was there notice sufficient that he should have known to stay on the right-hand side of the road if he's not passing, you know. Cases like that will go up and that was a Texas Supreme Court case that came down, what, end of last year?

MR. YAKOVSKY: I think so.

THE COURT: That's when TXDOT came back and put up all those signs all over the place so now there's no question about that, but -- let's do that, see if you can find anything and, Mr. Yakovsky, you take a look, too.

MR. YAKOVSKY: Sure, Judge. I will. Then, like I said, I did want to review whatever I could and I ran into the same difficulty. It's real hard to touch on any case that doesn't result in some arrestable offense, such as a DUI, a possession of a controlled substance. You've always got a fruit and search and seizure as a result of the initial traffic stop, then you, you know, course of practice is to start with the traffic stop and go from there to see if you can eliminate the stuff that's going to get you in real

trouble.

THE COURT: Well, and one thing we can do, too, I didn't see and I may have just missed it, when did you file your election for Bench trial over a jury trial?

MR. DAVIS: I would say it's about a month ago.

MR. YAKOVSKY: Judge, he filed it whenever he came for arraignment. He had the file -- I got a copy of it.

THE COURT: The Clerk's Office, for some reason, has not been bradding these down and, so, I have these loose in the file and I didn't see it. Let me double-check.

MR. DAVIS: In the Defense's position on what he's getting at about the search, the seizure is that the actual stop was the seizure. It appears from Mr. Yakovsky's response brief, he stated there was no arrest, no searches, no seizures; so, I'm assuming he's not agreeing with that premise, but that's the Defense's premise on that.

THE COURT: Okay. All right. Well, if you can, find some caselaw on that for me as well.

MR. YAKOVSKY: This was it. It's titled as a Defendant's Waiver for Bench Trial and Revocation of Previous Application for --

THE COURT: Okay. I haven't seen that. So, the Clerk's Office has either lost it or they have filed it in another case.

MR. DAVIS: Yes, sir.

THE COURT: So -- but with that being said, probably the easiest thing to do since it's not a jury trial, you can argue all of these issues at trial and, so, I'll just set it for a Bench trial. I would suspect probably, what, hour, hour and a half to try it?

MR. DAVIS: I would hope so.

THE COURT: I wouldn't think it would take longer than that. I would suspect we would have your testimony and the testimony of the officer, you know, because one of the issues that you'll presumably make at trial is, you know, Number 1, did the officer actually give you a ticket that was proper, you know, was the stop good, was he right on what he did, was his radar working right, those kinds of issues; so, a lot of times, if you don't have a jury involved, it's easier just to do it all at one time, then I can take up those issues rather than everybody have to come back multiple times, but do that. Look -- if that's okay, I'll just set it for a trial.

MR. DAVIS: Yes, sir.

THE COURT: My court coordinator's given me the date of October 10th or October 23rd.

MR. DAVIS: 10th should be good.

THE COURT: Is that good for you, Mr. Yakovsky?

MR. YAKOVSKY: I'm sure.

THE COURT: We have from 10:00 to 11:30 -- didn't I set a hearing on that date just a couple days ago? I thought I did, October the 10th.

MR. TAYLOR: I believe that was the juvenile for that -- which they ended up -- they agreed to it.

THE COURT: That's right. It was an agreed modification; so, I canceled that. Okay. So, from 10:30 to 12:00 --

THE COORDINATOR: No, 10:00 AM.

THE COURT: 10:00 AM to 11:30?

THE COORDINATOR: Uh-huh.

MR. DAVIS: The Defense would prefer to -- if possible, the suppression issue separate before trial that date.

THE COURT: Why?

MR. DAVIS: Just so there's a record of it for appeal. That way, it doesn't get messy.

THE COURT: There'll be a record. You'll have your record and what will happen is on the Motion to Suppress, like I say, I'll just take it all at one time, then I'll make a ruling on your Motion to Suppress in addition to the trial.

MR. DAVIS: Yes, sir, that's fine. I just didn't want it to get confusing trying to --

THE COURT: It won't.

MR. DAVIS: -- sort it out.

THE COURT: Because, like I say, I'll make separate rulings.

MR. DAVIS: That's fine.

THE COURT: As short of a hearing as it's going to be, the Court of Appeals, if it goes up, they won't -- they see messy stuff all the time that's -- you know, weeks and months long. Hour and a half won't give them any trouble, but I do want you to have some caselaw for me to support your two positions.

MR. DAVIS: Yes, sir.

THE COURT: Number 1, that the stop itself is a seizure and Number 2, that your identity and information is a seizure after the stop.

MR. DAVIS: Yes, sir. And would you prefer those in writing, submitted prior to trial?

THE COURT: The cases?

MR. DAVIS: Yes, sir, as like a supplemental motion on that, just so you have them in writing?

THE COURT: Probably, yeah, I would prefer to have the cases, you know, couple of days or a week prior to trial.

MR. DAVIS: I can do that.

THE COURT: We don't have that many weeks prior to trial since we're going to do it on the 10th, but, yeah,

give me an opportunity to review them and make sure and give Mr. Yakovsky a copy so he can review them and respond to them, if necessary, and then, of course, Mr. Yakovsky, if he finds something that's favorable to you or favorable to the State, then he needs to give you a copy of it as well.

MR. DAVIS:  Yes, sir.

THE COURT:  All right.  Any other questions?

MR. DAVIS:  No, Your Honor.

THE COURT:  No.  Mr. Yakovsky?

MR. YAKOVSKY:  All good, Judge.

THE COURT:  Mr. Davis, let me give you this. It's just a court setting date.

MR. DAVIS:  Yes, sir.

THE COURT:  So, 10/10/14.  Okay.  We're adjourned.  See you back on the 10th.

(Proceedings adjourned)

THE STATE OF TEXAS      §

COUNTY OF ANGELINA      §

I, Elizabeth Murphy, Official Court Reporter in and for County Court at Law No. 2 of Angelina County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $_____ and will be paid by _____.

WITNESS MY OFFICIAL HAND this the _____ day of _____, 2014.

_____
ELIZABETH MURPHY, CSR #4832
Expiration Date: 12/31/2014

Elizabeth Murphy, CSR          P.O. Box 908, Lufkin, TX  75902-0908
County Court at Law #2                        936-634-8984

REPORTER'S RECORD

VOLUME 3 OF 3 VOLUMES

APPELLATE CASE NO. 12-14-00296-CR

TRIAL COURT CASE NO. 14-1048

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW NUMBER TWO OF |
| | § | |
| DAVID MARK DAVIS II | § | ANGELINA COUNTY, TEXAS |

_____

BENCH TRIAL

_____

On the 10th day of October, 2014, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Derek C. Flournoy, Judge presiding, held in Lufkin, Angelina County, Texas:

Proceedings reported by Computerized Stenograph Machine.

Elizabeth Murphy, CSR          P.O. Box 908, Lufkin, TX  75902-0908
County Court at Law #2                              936-634-8984

A P P E A R A N C E S

Mr. James Yakovsky                    Mr. David Mark Davis, II
ASSISTANT COUNTY ATTORNEY             11 Glenview Court
SBOT NO. 24030668                     Lufkin, TX  75901
215 E. Lufkin Avenue                  (936) 238-8507
Lufkin, TX  75901                     APPEARING PRO SE
(936) 639-3929
ATTORNEY FOR STATE

I N D E X
VOLUME 3
(BENCH TRIAL)

|                                                              | Page | Vol. |
|--------------------------------------------------------------|------|------|
| OCTOBER 10, 2014                                             |      |      |
| Opening comments by the Court                                | 4    | 3    |
| Argument regarding Motion to Suppress by Defendant           | 4    | 3    |
| Response regarding Motion to Suppress by State               | 5    | 3    |
| Partial Denial of Motion to Suppress by the Court            | 5    | 3    |
| No Contest Plea entered by Defendant                         | 5    | 3    |
| Court's Ruling and Acceptance of No Contest Plea             | 6    | 3    |
| Oral Notice of Appeal entered by Defendant                   | 6    | 3    |
| Court's Ruling on Punishment                                 | 8    | 3    |
| Proceedings adjourned                                        | 8    | 3    |
| Court Reporter's Certificate                                 | 9    | 3    |

EXHIBIT INDEX

| NO. | DESCRIPTION | OFFERED | ADMITTED | VOL. |
|-----|-------------|---------|----------|------|
| NONE |            |         |          |      |

Elizabeth Murphy, CSR        P.O. Box 908, Lufkin, TX  75902-0908
County Court at Law #2                              936-634-8984

THE COURT: All right. I believe we're waiting on your primary witness.

MR. YAKOVSKY: Yes, Judge. He was on his way from the police station. They were -- he called me early this morning and said he might be running just right at it because they're four officers short this morning. They had a bunch of people call in.

THE COURT: Okay. Well, while we're waiting on him to get here, I'm going to go ahead and take up Mr. Davis' initial -- I think your initial premise of your Motion to Suppress.

MR. DAVIS: Yes, sir.

THE COURT: And that is that you believe that because the stop was warrantless, you believe that the burden shifts to the State to produce that burden to show that it was -- that they had reasonable suspicion --

MR. DAVIS: Correct, Your Honor.

THE COURT: -- otherwise. All right. I'll go ahead and let you make your argument in that regard. If you'll stand for me when you do that.

MR. DAVIS: Yes, sir. Just ask the Court to take note -- notice that the traffic stop was initiated without a warrant. That's all I got.

THE COURT: And those are your sole grounds for that --

MR. DAVIS: Yeah, that's my sole ground.

THE COURT: -- premise. Okay. Mr. Yakovsky, do you have a response?

MR. YAKOVSKY: Judge, I believe we've got reasonable suspicion of the traffic offense that was committed in plain view of the officer based upon a reasonable suspicion to make a stop. There was no arrest in this case. It was just a traffic stop and a citation issued for a speeding violation and a notice to appear; so, therefore, I don't think we're triggering all the things that Mr. Davis may have concerns about.

THE COURT: All right. Well, I'm going to deny that portion, Mr. Davis, of your -- of your Motion to Suppress.

MR. DAVIS: Yes, sir.

THE COURT: Are you ready to proceed with the remainder of your Motion to Suppress?

MR. DAVIS: Yes, sir. I'd like to enter a no contest plea conditioned on my right to appeal.

THE COURT: Any objection?

MR. YAKOVSKY: No objection, Your Honor.

THE COURT: No?

MR. DAVIS: And as far as punishment goes, there's no agreements with me and the State, just throw myself to the mercy of the Court.

Elizabeth Murphy, CSR          P.O. Box 908, Lufkin, TX  75902-0908
County Court at Law #2                            936-634-8984

THE COURT: Okay. All right. Just one second. Thank you for that. All right. For the record's purposes, the Court has denied Mr. Davis' motion to shift the burden to the State regarding the traffic stop. It's the Court's opinion that a warrant is not required on a traffic stop if the officer has reasonable suspicion to make the stop; therefore, that is the Court's reasoning in the failure -- in the refusal to shift the burden to the State.

Mr. Davis has entered a plea of no contest at this time. I'll accept your plea of no contest at this time. Does the State have any evidence on punishment?

MR. YAKOVSKY: No, Your Honor.

THE COURT: No?

MR. YAKOVSKY: We wouldn't have any --

THE COURT: Mr. Davis, do you have any testimony you'd like to give regarding punishment?

MR. DAVIS: No, Your Honor.

THE COURT: No.

MR. DAVIS: Also, Your Honor, if you could -- I'd like to request a -- enter my notice of appeal on the record and request appeal bond be set.

THE COURT: Okay. Thank you. Do you know what court costs are, Mr. Yakovsky?

MR. YAKOVSKY: Judge, let me take a look. I believe -- I think we've got a cost sheet over here.

MR. DAVIS: Just to be fair, there was two subpoenas served by Constable Selman and I don't know if they've been processed yet, as far as the fees for those, just make sure -- I mean, I'm gonna appeal so they'd be under bond, but just in case when it finals out, he gets what he's supposed to get for his work.

THE COURT: Well, there's no -- no fee on a criminal subpoena.

MR. DAVIS: Yes, sir. Thank you.

THE COURT: Who are the people that you speak of?

MR. DAVIS: These two gentlemen right here. I guess this is the City of Lufkin engineer.

THE COURT: Are you Mr. Walker?

MR. WALKER: Yes, sir.

MR. DAVIS: And I do not know his name. The lady I subpoenaed -- TXDOT called me. Their general counsel had asked if I could substitute with one of their other managers.

THE COURT: Okay.

MR. DAVIS: And --

MR. TEIMAN: Brad Teiman.

MR. DAVIS: Brad Teiman.

THE COURT: Brad Teiman. Okay. All right. Mr. Teiman and Mr. Walker, at this time I'm going to release

you from your subpoena.  You're free to go.

MR. YAKOVSKY:  Judge, it looks like those court costs are going to be 248.10.  That's the non-drug, non-DWI, citation to appear base cost of 218, plus we have the $30 for transportation code cost and then 10 cents court cost on moving violation.

THE COURT:  Okay.  Thank you.

MR. YAKOVSKY:  So, brings it to a total of 248.10.

THE COURT:  Mr. Davis, if you'll stand for me, please.

MR. DAVIS:  Yes, sir.

THE COURT:  At this time I'm going to assess a fine of $75, plus court costs of 248.10.

MR. DAVIS:  Yes, sir.

THE COURT:  Thank you.  You can have a seat.

(End of requested proceedings)

THE STATE OF TEXAS    §

COUNTY OF ANGELINA    §

I, Elizabeth Murphy, Official Court Reporter in and for County Court at Law No. 2 of Angelina County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $_____ and will be paid by _____.

WITNESS MY OFFICIAL HAND this the _____ day of _____, 2014.

_____
ELIZABETH MURPHY, CSR #4832
Expiration Date:  12/31/2014

Elizabeth Murphy, CSR          P.O. Box 908, Lufkin, TX  75902-0908
County Court at Law #2                          936-634-8984

# Appendix
# B

# Judgment of 12ᵗʰ Court of Appeals

# NO. 12-14-00296-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID MARK DAVIS II,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW # 2* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

David Mark Davis II attempts to appeal his conviction for speeding, for which he was assessed a fine of seventy-five dollars. Article 4.03 of the code of criminal procedure determines our jurisdiction in this matter. It provides as follows:

> The Courts of Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed. This Article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court, the county criminal court, or county court at law, in which the fine imposed or affirmed by the county court, the county criminal court or county court at law does not exceed one hundred dollars, unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based.

TEX. CODE CRIM. PROC. ANN. art. 4.03 (West Supp. 2014). Appellant appealed from a municipal court to a county court at law. The county court at law imposed a fine that does not exceed one hundred dollars. Appellant does not complain that the statute on which his conviction was based is unconstitutional. Therefore, we have no jurisdiction over this appeal.

Accordingly, we *dismiss* the appeal *for want of jurisdiction*.[1]

---

[1] Neither party raised the jurisdictional issue in its brief. However, we are required to address a lack of jurisdiction sua sponte if the parties do not raise the issue. *Solis v. State*, 890 S.W.2d 518, 520 (Tex. App.—Dallas 1994, no pet.).

<u>**JAMES T. WORTHEN**</u>
Chief Justice

Opinion delivered May 29, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 29, 2015**

**NO. 12-14-00296-CR**

**DAVID MARK DAVIS II,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law No 2

of Angelina County, Texas (Tr.Ct.No. 14-1048)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*